HAMILTON, Senior Circuit Judge,
concurring in the judgment in part and dissenting in part.
For the reasons stated in the majority opinion, I agree that Jones’s challenges to the brandishing and carjacking enhancements lack merit. However, the majority’s reasoning behind its decision to vacate the obstruction enhancement is hopelessly flawed and, for this reason, I dissent from the majority’s decision to remand for re-sentencing.
It is undisputed that the PSR sets forth sufficient facts supporting the obstruction of justice enhancement. At sentencing, Jones affirmatively indicated that he had no objections to the factual contents of the PSR. He also objected to the government’s presentation of any evidence that would have contradicted “any aspect of the facts set out” in the PSR.
In United States v. Milam, 443 F.3d 382 (4th Cir.2006), we held that a defendant’s failure to object to a PSR’s factual findings does not constitute an admission of those facts for purposes of the Sixth Amendment. Id. at 387. To hold otherwise, we concluded, would allow the government to obtain a conviction without proving all of a crime’s elements beyond a reasonable doubt. Id.
In United States v. Revels, 455 F.3d 448 (4th Cir.2006), we concluded that the defendant’s statement “No, sir” in response to the district court’s inquiry as to whether he had any objections to the PSR was not an admission for purposes of the Sixth Amendment. At 451. In so concluding, we observed that the defendant’s case in Revels fell “somewhere in the middle of the spectrum” between Milam’s silence and a defendant’s statement such as “ ‘I admit.’ ” Id. at 450.
In its opinion, the majority concludes that Jones’s case is governed by Milam and Revels. However, this case concerns much more than a simple failure to object as in Milam or a simple “No, sir” as in Revels. Indeed, if all Jones did was simply remain silent and/or indicate that he had no objections to the PSR’s factual findings, then I would agree with the majority that this case is controlled by Milam and Revels. Critically, though, Jones objected to any actions by the government which would have cast doubt on the factual accuracy of the PSR. By taking affirmative steps to protect the sanctity of the PSR’s factual findings, Jones unquestionably admitted those facts for Booker purposes.
The majority downplays the significance of Jones’s objection to the government’s presentation of facts that would contradict the PSR’s factual findings, essentially describing the objection as a sound trial strategy preventing Jones from being ambushed by the government. However, *343 Jones’s objection cannot be written off so easily. He objected only to a factual presentation that would have contradicted the factual allegations of the PSR. By taking the affirmative step to prevent the PSR’s facts from being contradicted (as opposed to supplemented), he has gone well beyond the mere “No, sir” that was present in Revels, moving the case from “somewhere in the middle of the spectrum” to the “ T admit’ ” realm. Id. at 450-451.
For these reasons, I dissent from the majority’s decision to remand for resentencing.