**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4167**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES BUTLER,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-03-657)

---

Submitted: May 31, 2006                    Decided:  June 26, 2006

---

Before MICHAEL, KING, and GREGORY, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Butler pled guilty, pursuant to a written plea agreement, to fraudulent use of unauthorized access devices. Prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the district court sentenced Butler to thirty-four months' imprisonment. On appeal, Butler asserts that his sentence violated the Sixth Amendment. We agree, and we therefore vacate Butler's sentence and remand for resentencing.

Because Butler did not raise an objection below based on the Sixth Amendment, we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). The district court increased Butler's offense level for relocating to another jurisdiction to evade law enforcement, see U.S. Sentencing Guidelines Manual § 2B1.1(b)(8) (2002), and for trafficking or transferring unauthorized access devices or unlawfully producing or possessing identification, see USSG § 2B1.1(b)(9). Butler did not admit to the facts supporting these enhancements.[1] Without these judicially-determined sentencing enhancements, Butler's offense level would have been 10.[2] Because he was in criminal history

_____

[1]Butler objected to the § 2B1.1(b)(8) enhancement. Although he did not object to the § 2B1.1(b)(9) enhancement, a defendant's failure to object to the facts in his PSR does not constitute a Booker admission. See United States v. Milam, 443 F.3d 382 (4th Cir. 2006).

[2]While Butler did receive a reduction for acceptance of responsibility, when determining if Booker error occurred, we look to the guideline range based on admitted conduct or facts found by

category VI, his guideline range would have been twenty-four to thirty months in prison. His thirty-four-month sentence imposed under the mandatory guidelines scheme was therefore longer than the sentence the district court could have imposed without violating the Sixth Amendment. We therefore conclude that plain error affecting Butler's substantial rights occurred in his sentencing.[3] Hughes, 401 F.3d at 550-51.

Accordingly, we vacate Butler's sentence and remand for resentencing. Although the Sentencing Guidelines are no longer mandatory, Booker makes it clear that a sentencing court still must "consult [the] Guidelines and take them into account when sentencing." Booker, 543 U.S. at 244-45. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range, along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. If that sentence falls outside the Guideline range, the court should explain the reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Hughes, 401

---

a jury, and disregard any reduction for acceptance of responsibility. See United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005).

[3]As we noted in Hughes, "[w]e of course offer no criticism of the district court judge who followed the law and procedure in effect at the time" of Butler's sentencing. 401 F.3d at 545 n.4.

- 3 -

F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  <u>Id.</u>

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>