**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5022

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DREAMMA LYNN MONTGOMERY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Joseph Robert Goodwin, District Judge. (CR-02-274)

Submitted: May 19, 2006                    Decided: July 19, 2006

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher S. Morris, DINSMORE & SHOHL, L.L.P., Charleston, West Virginia, for Appellant. Philip H. Wright, Acting United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dreamma Lynn Montgomery pled guilty to one count of distributing a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced her to a 140-month term of imprisonment. Relying on United States v. Booker, 543 U.S. 220 (2005), Montgomery appeals her sentence and asserts that it violates the Sixth Amendment. We affirm.

Montgomery contends that, in the absence of findings by the jury or admissions by her, the district court violated her Sixth Amendment rights by determining drug quantity by a preponderance of the evidence. She therefore concludes that she is entitled to resentencing. The Government asserts, however, that Montgomery withdrew an objection to the recommendation in the presentence report holding her accountable for five ounces of crack cocaine and that such withdrawal constituted an admission under Booker.

In United States v. Milam, 443 F.3d 382, 383 (4th Cir. 2006), we held that a defendant's failure to object to the facts set forth in the presentence report did not amount to an admission for Sixth Amendment purposes. The court noted that the "Sixth Amendment protections can be bypassed[] [i]f the defendant . . . admits the fact otherwise committed to the jury." Id. at 387. A defendant may admit facts through "guilty pleas and stipulations, a defendant's own statements in open court, and representations by

- 2 -

counsel." United States v. Revels, __ F.3d __, __, 2006 WL
1134148, at *2 (4th Cir. May 1, 2006) (citations omitted). "Any
admission of fact must, of course, be of sufficient clarity and
kind to justify taking the fact from the jury." Milam, 443 F.3d at
387. Whether a defendant has admitted a fact for Booker purposes
depends upon where a defendant's "verbalizations . . . fall along
a spectrum" from silence to "statements such as 'I admit,' or the
functional equivalent thereof." Revels, __ F.3d at __, 2006 WL
1134148, at *2 (holding that defendant did not admit facts
supporting sentencing enhancement where he lodged Blakely[*]
objection and replied "No, sir" to court's inquiry as to "whether
he had objections to anything contained or omitted from the
[presentence report]").

Here, the presentence report attributed to Montgomery
five ounces of crack based upon the fact that she told a
confidential informant that she "did not have an '8-ball' because
'Jennifer' had flushed 'five ounces' down the toilet during an
incident when the police arrived at Jennifer's house." (J.A. 124).
Montgomery objected to the five-ounce amount on the ground that the
controlled substance was marijuana — not crack cocaine. Because
Montgomery refused to admit that the controlled substance was crack
cocaine, the presentence report did not recommend a downward
adjustment for acceptance of responsibility.

---

[*]Blakely v. Washington, 542 U.S. 296 (2004).

At the sentencing hearing, counsel represented that, after listening to a tape-recorded conversation between Montgomery and the informant during the controlled buy, Montgomery sought to withdraw the objection that the substance was not crack cocaine. Thus, the district court denied Montgomery's objection as moot. In light of the court's ruling, the Government then stated that "in light of the fact . . . that Ms. Montgomery has and is willing to accept responsibility for the five ounces of crack cocaine, it is the recommendation of the Government that she receive the three acceptance of responsibility points." (J.A. 72).

Taking these circumstances "as a whole," Revels, __ F.3d at __, 2006 WL 1134148, at *2, the Government's statement operated as the functional equivalent of a stipulation regarding the five ounces of crack cocaine, with the attendant three-level downward adjustment for acceptance of responsibility inuring to Montgomery's benefit. Because the presentence report's recommendation regarding acceptance of responsibility hinged entirely on Montgomery's denial that the controlled substance was crack cocaine, the Government's statement and Montgomery's tacit assent to the reduction for acceptance of responsibility permit us to conclude that Montgomery knowingly waived her Sixth Amendment rights with respect to the five ounces of crack cocaine and that she admitted responsibility for that amount.

Based on her admission, Montgomery was subject to a base offense level of thirty-two.  <u>See</u> USSG § 2D1.1(c)(4) (applicable to offenses involving at least fifty but less than 150 grams of crack).  Without any downward adjustment for acceptance of responsibility, <u>see</u> <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005), and with a criminal history category of III, the applicable guideline range would be 151 to 188 months of imprisonment.  Because the 140-month sentence Montgomery received is below the guideline range calculated based upon her admission, no Sixth Amendment error occurred.  <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 547-48 (4th Cir. 2005) (discussing plain error standard of review).

Accordingly, we affirm Montgomery's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>