**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4680**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN ERIC COX,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-03-154)

---

Submitted:  July 21, 2006              Decided:  August 14, 2006

---

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Henry M. Anderson, Jr., ANDERSON LAW FIRM, P.A., Florence, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brian Eric Cox pled guilty pursuant to a plea agreement to knowingly possessing a firearm that had been transported in interstate commerce after he had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a) (West 2000). The plea agreement included a provision in which Cox agreed to be sentenced in accordance with the Sentencing Guidelines. Cox's base offense level was twenty-four. The offense level was increased four levels for using the firearm in connection with another felony offense. It was increased an additional two levels for obstruction of justice and decreased three levels for acceptance of responsibility. At sentencing, Cox did not file any objections to the presentence investigation report. Because he was in criminal history category III, his range of imprisonment under the Sentencing Guidelines was 87 to 108 months' imprisonment. Cox was sentenced to ninety-eight months' imprisonment. On appeal, Cox contends the increase to his offense level for using a firearm in connection with another felony offense was in violation of the Sixth Amendment. We vacate the sentence and remand for resentencing.

Because Cox did not raise an objection below based on the Sixth Amendment, we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In United States v.

Booker, 543 U.S. 220, 244 (2005), the Supreme Court held that a Sixth Amendment violation arises where the district court, acting pursuant to a mandatory application of the Sentencing Reform Act and the Guidelines, imposes a sentence that is greater than the maximum authorized by the facts found by the jury or admitted by the defendant. In United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), this court found plain error where the defendant's offense level was increased based upon judicial fact finding, and under the mandatory application of the Guidelines the defendant's sentence was higher than it would have been had his sentence been based only on the facts to which he admitted.

We note that an agreement to be sentenced under the Guidelines does not waive the right to appeal the sentence under Booker. United States v. Hamdi, 432 F.3d 115, 122-24 (2d Cir. 2005).

Cox's offense level without the four-level enhancement would have been twenty-six.[1] His sentencing range of imprisonment would have been seventy-eight to ninety-seven months' imprisonment.[2] Cox's sentence imposed under a mandatory Guidelines

_____

[1]Cox admitted to the enhancement for obstruction of justice and does not challenge it on appeal.

[2]While Cox did receive a reduction for acceptance of responsibility, when determining if Booker error occurred, we look to the Guideline range based on admitted conduct or facts found by a jury, and disregard any reduction for acceptance of responsibility. See United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005).

- 3 -

scheme is therefore longer than the sentence the district court would have imposed without violating the Sixth Amendment.[3]

Accordingly, while we affirm the conviction, we vacate the sentence and remand for resentencing.[4] Although the Sentencing Guidelines are no longer mandatory, Booker makes it clear that a sentencing court still must "consult [the] Guidelines and take them into account when sentencing." Booker, 543 U.S. at 244-45. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range, along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. If that sentence falls outside the Guideline range, the court should explain the reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. We dispense with oral argument because the facts and legal

---

[3]Cox's failure to object at sentencing to the findings in the presentence investigation report does not constitute a Booker admission, United States v. Milam, 443 F.3d 382, 385-89 (4th Cir. 2006), although district courts may, of course, use undisputed, though not affirmatively admitted, facts in calculating an advisory Guidelines range.

[4]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Cox's sentencing. Hughes, 401 F.3d at 545 n.4.

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>