**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4536**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SUSAN HOUCHINS,

Defendant - Appellant.

_____

**No. 03-4537**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH WAYNE HALEY,

Defendant - Appellant.

_____

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-5647)

_____

Submitted: July 28, 2006      Decided: September 22, 2006

_____

Before MOTZ, KING, and GREGORY, Circuit Judges.

―――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia; Sante Boninsegna, Jr., BONINSEGNA LAW OFFICE, Princeton, West Virginia, for Appellants. Charles T. Miller, Acting United States Attorney, Joanne Vella Kirby, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Susan Houchins and Kenneth Wayne Haley ("Appellants") pled guilty in 2003 to conspiracy to manufacture an unspecified quantity of methamphetamine, 21 U.S.C. § 846 (2000). The district court sentenced Houchins to seventy months imprisonment and Haley to eighty-seven months imprisonment. This court affirmed their sentences. United States v. Houchins, 364 F.3d 182 (4th Cir. 2004), vacated, 543 U.S. 1104 (2005). The Supreme Court subsequently granted certiorari and remanded their cases for further proceedings in light of United States v. Booker, 543 U.S. 220 (2005). In supplemental briefs, Appellants assert that the district court plainly erred by finding facts that increased their sentences and that the court's consideration of even essentially uncontroverted facts to increase the offense level violates the Sixth Amendment. For the reasons explained below, we vacate Appellants' sentences and remand for resentencing consistent with Booker.

Because Appellants did not previously raise a Sixth Amendment challenge to their sentences, the standard of review is plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). A Sixth Amendment error occurs when the district court imposes, under a mandatory guideline scheme, a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 543 U.S. at 547-48.

- 3 -

In a statement made after his arrest, Haley admitted that he used 2000 ephedrine pills each time he cooked a batch of methamphetamine. At their joint guilty plea hearing, Houchins and Haley admitted responsibility for one ounce of methamphetamine, and the prosecutor informed the district court that there was no other relevant conduct. However, extrapolating from Haley's statement and witness information indicating that Haley cooked methamphetamine three times, the probation officer calculated that he had produced at least 90 grams (more than three ounces) of methamphetamine. For both Haley and Houchins, the probation officer recommended a base offense level of 26, USSG § 2D1.1(c)(7) (50-200 grams of methamphetamine); recommended that they each receive a three-level enhancement for creating a substantial risk of harm to the community; and recommended that Haley receive a two-level adjustment for being a leader in the offense.

Houchins objected to the probation officer's calculation of the drug amount because it was based on the use of 60-milligram ephedrine pills rather than 30-milligram pills, but she withdrew her objection at sentencing. Haley did not object to either the drug amount or the leadership role adjustment he received. Appellants both objected to the substantial risk enhancement, but the district court overruled their objections.

We first note that, without the contested three-level enhancement for creating a substantial risk of harm to the

- 4 -

community, Houchins's final offense level would have been 26 and Haley's final offense level would have been 28. For purposes of determining <u>Booker</u> error, this court considers the guideline range based on the facts the defendant admitted before any adjustment for acceptance of responsibility. <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Using this calculation, Houchins's guideline range would have been unchanged at 70-87 months, and Haley's guideline range would have remained at 87-108 months. The sentences of seventy months for Houchins and eighty-seven months for Haley were thus within the range that would have applied without the contested enhancement for creating a substantial risk of harm to the community.

However, the base offense level of 26 that was used was higher than the base offense level of 20 that would have applied had the probation officer used one ounce (28.35 grams) of methamphetamine, the quantity that Appellants admitted at the guilty plea hearing. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1(c)(10) (2002) (20-39 grams of methamphetamine). Had a base offense level of 20 been used, Houchins's guideline range would have been 37-46 months. Even with the leader adjustment, Haley's guideline range would have been 46-57 months.

A defendant's failure to object to the presentence report does not constitute an admission of facts set forth in the report for the purposes of <u>Booker</u>, because "[t]o presume, infer, or deem

a fact admitted because the defendant has remained silent is contrary to the Sixth Amendment." United States v. Milam, 443 F.3d 382, 387 (4th Cir. 2006).[1]  Whether a defendant has admitted a fact that would otherwise require a jury finding, thus waiving Sixth Amendment protection for Booker purposes, depends upon where a defendant's "verbalizations . . . fall along a spectrum" from silence to "statements such as 'I admit,' or the functional equivalent thereof." United States v. Revels, 455 F.3d 448, 450-51 (4th Cir. 2006) (holding that defendant did not admit facts supporting sentencing enhancement where he lodged Blakely[2] objection and replied "No, sir" to court's inquiry as to "whether he had objections to anything contained or omitted from the PSR").

Although Houchins withdrew her objection to the drug amount at sentencing, and admitted that 60-milligram pills were used to manufacture the methamphetamine, she did not affirmatively admit that 90 grams of methamphetamine were produced.  To reach that conclusion, the probation officer consulted a chemist for the West Virginia State Police Laboratory, estimated that Haley would have produced about 30 grams of methamphetamine in each batch and estimated, based on witness information, that Haley cooked

---

[1]Milam distinguishes between factual issues that the sentencing court must resolve pursuant to Rule 32(i)(3), and factual issues that, under Booker, may only be resolved by a jury or the defendant's admission without running afoul of Sixth Amendment protections.  443 F.3d at 386.

[2]Blakely v. Washington, 542 U.S. 296 (2004).

methamphetamine three times. However, after his arrest, Haley stated that he had produced only three grams of methamphetamine in the previous day's cook, and there was no specific information in the presentence report at to how much methamphetamine had been produced at the other two cooks. Because the calculation that 90 grams of methamphetamine were produced required additional fact finding, we conclude that Houchins's limited admission concerning the strength of the ephedrine pills used does not equate to an admission concerning the quantity of methamphetamine produced.

A <u>Booker</u> plain error need not be noticed and corrected if the error was harmless because it did not actually affect the outcome of the proceedings. <u>United States v. Smith</u>, 441 F.3d 254, 272-73 (4th Cir. 2006) (declining to correct error where evidence of drug quantity was overwhelming and uncontroverted). In Houchins's case, the evidence that Haley manufactured 90 grams of methamphetamine was uncontroverted at sentencing, but not overwhelming because the probation officer's estimation was open to challenge.

Haley's statement at the Rule 11 hearing that making methamphetamine was his idea and he got his two co-defendants involved constitutes an admission that he was a leader in the offense. Therefore, we need not notice the <u>Booker</u> error inherent in the district court's adoption of the recommended two-level adjustment. However, Haley made no statement concerning how much

methamphetamine he produced, beyond admitting that he had made three grams of methamphetamine the day before his arrest. He did not object to the 90 grams attributed to him in the presentence report, but under Milam and Revels, his silence may not be taken as an admission that he produced 90 grams of methamphetamine. Nor, as previously discussed, was the Booker error harmless, because the government cannot show that the constitutional error did not actually affect the outcome of the proceedings. See Revels, 455 F.3d at 452 (citing United States v. Dominguez Benitez, 542 U.S. 74, 81 & n.7 (2004)). Haley's eighty-seven-month sentence exceeded the maximum authorized based on facts he admitted and thus violates the Sixth Amendment.

We therefore vacate the sentences imposed by the district court and remand for resentencing consistent with Booker.[3] Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 264. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401

---

[3]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Appellants' sentencing. Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was set and clearly contrary to the law at the time of appeal.").

F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and then impose a sentence.  <u>Id.</u> If that sentence falls outside the guidelines range, the court should explain its reasons for imposing a non-guidelines sentence as required by 18 U.S.C.A. § 3553(c)(2).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u>

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>