Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JAMES PHILLIP BOOHER,

*Defendant-Appellant.*

No. 03-4788

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-03-42)

Submitted: March 12, 2004

Decided: April 9, 2004

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Jay H. Steele, Lebanon, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Phillip Booher pled guilty to possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to 100 months imprisonment. He appeals his sentence, contending that the district court clearly erred in finding that he obstructed justice by suborning his girlfriend's perjury before the grand jury, *U.S. Sentencing Guidelines Manual* § 3C1.1 (2002), and in denying him an adjustment for acceptance of responsibility. USSG § 3E1.1. We affirm.

On the day Booher was arrested, the police found a firearm in Stephanie Fitzpatrick's purse. Fitzpatrick told the police in a written statement that the gun was not hers, that Booher had been carrying her purse when they left her apartment, and that she had seen him put something into the purse. However, when she testified before a grand jury in April 2003, Fitzpatrick claimed that the gun was hers. She later recanted her testimony and gave a written statement to the police in which she said she had lied before the grand jury because Booher instructed her to lie and told her that she might be in danger if she did not. She also said Booher had written her a letter telling her what to say to the grand jury. In June 2003, Fitzpatrick again testified before the grand jury. This time she said the gun did not belong to her, consistent with her two statements to the police. She said that Booher had initially told her to lie, but changed his mind and told her to tell the truth when he learned that he could be prosecuted for possessing the two bullets he had in his pocket when he was arrested. When Booher was sentenced, the government introduced transcripts of Fitzpatrick's April and June grand jury testimony and her May 15 written statement and requested an adjustment for obstruction of justice. The district court agreed that the evidence established that Booher had suborned Fitzpatrick's perjury and that the adjustment was warranted.

On appeal, Booher argues that Fitzpatrick's testimony did not constitute reliable evidence from which the court could conclude that he suborned her perjury because it established only that she was willing to lie, not on which occasion she lied. In his reply brief, he further claims that only introduction of the letter from Booher that Fitzpatrick

said she received before her first grand jury testimony, would have justified the adjustment.

We disagree. Even without the letter, the reliability of Fitzpatrick's June testimony before the grand jury was supported by the fact that it was consistent with the statement she gave to the police the day of Booher's arrest and her second statement to the police on May 15, 2003. Moreover, her June testimony that the gun belonged to Booher was supported by information given to the police the day of the arrest by Timothy Dougherty and a woman who witnessed an altercation between Booher and Dougherty, both of whom said Booher possessed a firearm during the altercation, and by Booher's statement to the probation officer that he drew a gun on Dougherty in self defense shortly before his arrest. These indicia of reliability support the district court's decision to credit Fitzpatrick's assertion in her June testimony that Booher had induced her to lie when she testified in April. Therefore, the district court did not clearly err in finding that Booher had obstructed justice by suborning Fitzpatrick's perjured testimony before the grand jury in April.

A defendant who receives an adjustment for obstruction of justice generally has not demonstrated acceptance of responsibility and may receive an adjustment under § 3E1.1 only in an extraordinary case. USSG § 3E1.1, comment. (n.4). The district court determined that Booher's case was not an extraordinary one where both adjustments might apply. Because the court did not clearly err on the obstruction issue, it did not clearly err in denying Booher the adjustment for acceptance of responsibility. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999) (stating standard of review).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*