**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4788**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES PHILLIP BOOHER,

Defendant - Appellant.

_____

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-5249)

_____

Submitted:  July 26, 2006          Decided:  September 25, 2006

_____

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Jay H. Steele, Lebanon, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Phillip Booher pled guilty to possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (2000). The district court determined at sentencing that he obstructed justice by suborning his girlfriend's perjury before the grand jury, U.S. Sentencing Guidelines Manual § 3C1.1 (2002), and accordingly denied him an adjustment for acceptance of responsibility. USSG § 3E1.1. Booher did not object to a two-level enhancement recommended in the presentence report under USSG § 2K2.1(b)(4) for a stolen firearm. The district court imposed a sentence of 100 months imprisonment. We affirmed the sentence. United States v. Booher, 94 F. App'x 160 (4th Cir. 2004) (No. 03-4788). The Supreme Court later granted Booher's petition for certiorari, vacated this court's judgment in light of United States v. Booker, 543 U.S. 220 (2005), and remanded the case for further proceedings. For the reasons explained below, we vacate the sentence and remand for resentencing.

On remand, Booher argues that the district court plainly erred under Booker in making enhancements for a stolen gun and obstruction of justice based on facts which he did not admit, but were instead found by the court, thus violating his Sixth Amendment rights. He also asserts that there is nothing in the record that indicates the district court would impose the same sentence if his

case were remanded for resentencing under an advisory sentencing scheme.

Under Booker, a Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 543 U.S. at 245. Because Booher did not raise a Sixth Amendment challenge or object to the mandatory application of the guidelines in the district court, our review is for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected his substantial rights. Hughes, 401 F.3d at 547-48. If an appellant meets these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

Here, the district court found that Booher had obstructed justice, a fact he contested, and increased the offense level from 20 to 22. In doing so, the district court erred by making a factual finding that increased Booher's sentence under a mandatory guidelines scheme. Hughes, 401 F.3d at 547. The error was plain

- 3 -

because <u>Booker</u> abrogated the previous law of this Circuit. <u>Id.</u> at 547-48.

Further, Booher's failure to contest the recommended enhancement for a stolen firearm (which increased the offense level to 24) may not be treated as an admission that the firearm was stolen. In <u>United States v. Milam</u>, 443 F.3d 382 (4th Cir. 2006), we held that, for <u>Booker</u> purposes, a defendant's failure to object to the presentence report does not constitute an admission of facts set forth in the report on which a sentence enhancement is based. Moreover, the evidence that the gun was stolen was not overwhelming. <u>Cf</u>. <u>United States v. Smith</u>, 441 F.3d 254, 272 (4th Cir. 2006) (declining to notice <u>Booker</u> error where the jury, having convicted the defendant of various drug offenses, would have found the specific drug amounts charged in the indictment by relying on the uncontroverted testimony proffered by several witnesses), <u>petition for cert. filed</u>, July 10, 2006 (No. 06-5223). Although Booher asserts that he is unaware of what facts were relied on to reach the conclusion that the gun was stolen, the record discloses that the probation officer recommended the enhancement based on information from the FBI's National Crime Information Center, which showed that the gun had been stolen in Newport, Tennessee. We conclude that this information does not constitute overwhelming evidence that the gun was stolen.

Without the two enhancements, Booher's offense level would have been 20 and his guideline range would have been 70-87 months. Booher's 100-month sentence thus exceeds the maximum authorized based on facts he admitted. We therefore exercise our discretion to correct the error. Because resentencing is warranted on this ground, we need not decide whether the mandatory application of the guidelines alone constituted plain error that would require resentencing. See United States v. White, 405 F.3d 208, 223 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005) (holding that a defendant who seeks resentencing on this ground must show actual prejudice).

For the reasons discussed, we vacate the sentence imposed by the district court and remand for resentencing consistent with Booker.[*] Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider

---

[*]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time of [Booher]'s sentencing." Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

- 5 -

this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and then impose a sentence. <u>Id.</u> If that sentence falls outside the guidelines range, the court should explain its reasons for imposing a non-guidelines sentence as required by 18 U.S.C.A. § 3553(c)(2). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>