**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4077**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES PHILLIP BOOHER,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, Chief District Judge. (1:03-cr-00042-jpj)

---

Submitted: August 29, 2007      Decided: September 25, 2007

---

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Jay H. Steele, Lebanon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Phillip Booher appeals the eighty-eight-month sentence he received after he was resentenced under <u>United States v. Booker</u>, 543 U.S. 220 (2005). Booher was first sentenced in 2003 to a term of 100 months imprisonment after he pled guilty to possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1) (2000), and unsuccessfully contested an adjustment for obstruction of justice under <u>U.S. Sentencing Guidelines Manual</u> § 3C1.1 (2006). He did not object to an enhancement for a stolen firearm, USSG § 2K2.1(b)(4). On appeal, Booher challenged the obstruction of justice adjustment and the district court's refusal to award him an adjustment for acceptance of responsibility. We affirmed the sentence, <u>United States v. Booher</u>, 94 F. App'x 160 (2004) (No. 03-4788), but the Supreme Court granted certiorari and remanded the case for further proceedings under <u>Booker</u>. We subsequently held that the obstruction of justice adjustment and the stolen gun enhancement each constituted Sixth Amendment error under <u>Booker</u> because they were based on judicial fact findings made under a mandatory guideline scheme, and remanded his case for resentencing. <u>United States v. Booher</u>, 201 F. App'x 139 (4th Cir. 2006) (No. 03-4788).

On remand, Booher contested only the stolen gun enhancement. An agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives testified about two reports prepared by the Bristol,

Virginia, police department after Booher's arrest. The first report stated that the firearm was checked through the Federal Bureau of Investigation's National Crime Information Center, which indicated that it had been stolen in Newport, Tennessee. The second report described the details of the theft received from the police in Newport.

The district court held that the police reports were reliable evidence and that the government had proved by a preponderance of the evidence that the gun was stolen. The court decided that it was bound by its prior determinations concerning the guideline range which had been affirmed on appeal because its only error, under Booker, was the application of the guidelines as mandatory. The district court also stated that it would make the same factual findings if it were to revisit those issues. The court departed below the advisory guideline range of 100-125 months and imposed a sentence of eighty-eight months imprisonment based on Booher's good record in prison and his participation in educational and vocational programs

In this appeal, Booher contends that the district court erred by not making a new factual finding concerning obstruction of justice, and that it relied on unreliable hearsay to find that the firearm was stolen. Because Booher did not object to the obstruction of justice adjustment when he was resentenced, the district court's readoption of its prior ruling is subject to plain

error review. Under <u>United States v. Olano</u>, 507 U.S. 725, 732-37 (1993), to establish plain error, a defendant must show that (1) error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." <u>Id.</u> at 732 (internal quotation and citation omitted). As the district court noted, this court affirmed the obstruction of justice adjustment in Booher's first appeal. Booher argues that the district court was obligated to reexamine the issue on remand after <u>Booker</u>. However, no new evidence was presented and no argument made to the court on the issue at resentencing. Therefore, we conclude that the court did not plainly err in adopting its prior ruling on this issue.

Next, we find no error in the district court's consideration of the police reports. In resolving factual disputes, the sentencing court may consider any relevant information that "has sufficient indicia of reliability to support its probable accuracy," regardless of its admissibility under the rules of evidence that would apply at trial. USSG § 6A1.3(a). The test is whether "the factual evidence relied upon . . . [has] some minimal indicium of reliability beyond mere allegation." <u>United</u>

States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991) (internal quotation and citation omitted).  The police reports met this test.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED