**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 06-4262**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY MONDREZ THOMPSON,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:04-cr-00006)

―――――――――

Submitted: November 21, 2006        Decided:  November 29, 2006

―――――――――

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Denzil H. Forrester, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Robert J. Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Mondrez Thompson pled guilty to felon in possession of ammunition (Count 1), and felon in possession of a firearm (Count 2), in violation of 18 U.S.C. § 922(g)(1)(2000). The district court sentenced Thompson at the low end of an advisory guideline range to eighty-four months' imprisonment, to be served concurrently, three years of supervised release, and ordered payment of a $200 statutory assessment.[1] Thompson appeals, challenging the district court's reliance on police reports as evidence used in the pre-sentence investigation report ("PSR") to support a four-level enhancement, its use of the preponderance of the evidence standard of proof in sentencing, and contends that his sentence was unreasonable and imposed in violation of his Fifth and Sixth Amendment rights.

Our review of the record discloses that Thompson's challenge to the four-level enhancement is without merit, as he was sentenced within the applicable guidelines range, and the district court's reliance on the PSR findings, which were based on police

---

[1]The probation officer calculated Thompson's sentencing guideline range to be 84 to 105 months imprisonment founded on a base offense level of 24, to which four levels were added pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2004), because Count 1 was possessed in connection with a felony robbery said to have occurred on July 23, 2003, and three levels were deducted for acceptance of responsibility. The resultant total offense level was 25 and Thompson's criminal history category was IV.

reports, was therefore appropriate.[2]  See United States v. Booker, 543 U.S. 220, 233, 251 (2005) (no right to a jury determination of facts where trial judge exercises discretion to select sentence within advisory range); cf. Shepard v. United States, 544 U.S. 13 (2005) (Sixth Amendment violated where district court relied on police reports to support enhancement beyond statutory maximum under the Armed Career Criminal Act).[3]  Accordingly, we find no violation of Thompson's constitutional rights in the district court's enhancement of Thompson's sentence, and we further find to be without merit Thompson's challenge to the district court's use of the preponderance of the evidence standard to establish facts on which his sentencing enhancement was based.  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 75 U.S.L.W. 3167 (U.S. Oct. 2, 2006).

The district court properly calculated the applicable guideline range, after making the appropriate findings of fact and considering the range in conjunction with other relevant factors

_____

[2]Thompson's conclusory challenge to the police report on the basis that it contained "tenuous suppositions and conjectures" is insufficient to establish clear error.  See United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) (standard of review).

[3]Contrary to his contention, Apprendi v. New Jersey, 530 U.S. 466 (2000), offers Thompson no relief as the sentence imposed here does not exceed the ten-year statutory maximum sentence for the offense. Further, nothing in United States v. Milam, 443 F.3d 382 (4th Cir. 2006), affects the district court's calculation of an advisory Guidelines range in the wake of Booker.

under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006).  We find that the district court sentenced Thompson in compliance with the mandates of <u>Booker</u>, as well as Thompson's constitutional and statutory rights, and Thompson's sentence, which was within a properly-calculated advisory guideline range, was reasonable.  <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006); <u>United States v. Green</u>, 436 F.3d 449, 456 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).  We therefore affirm Thompson's conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>