Filed: April 12, 2006

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 04-4224(L)
(CR-03-195)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON OMA MILAM,

Defendant - Appellant.

O R D E R

The court amends its opinion filed April 6, 2006, as follows:

On page 2, first paragraph of opinion text, line 9 -- the word "minimum" is corrected to read "maximum."

For the Court - By Direction

                    /s/ Patricia S. Connor
                              Clerk

**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 04-4224

JASON OMA MILAM,
          *Defendant-Appellant.*

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 04-4225

DEWAYNE LEE MILAM,
          *Defendant-Appellant.*

Appeals from the United States District Court
for the Southern District of West Virginia, at Beckley.
Joseph Robert Goodwin, District Judge;
Charles H. Haden II, District Judge.
(CR-03-195)

Argued: December 2, 2005

Decided: April 6, 2006

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

---

Vacated and remanded by published opinion. Judge Niemeyer wrote the opinion, in which Judge Gregory joined. Judge Shedd wrote an opinion concurring in part and dissenting in part.

---

**COUNSEL**

**ARGUED:** Jonathan David Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. John Lanier File, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee. **ON BRIEF:** Mary Lou Newberger, Federal Public Defender, Charleston, West Virginia, for Appellant Jason Oma Milam; Jason D. Parmer, Hinton, West Virginia, for Appellant Dewayne Lee Milam. Kasey Warner, United States Attorney, Charleston, West Virginia, for Appellee.

---

**OPINION**

NIEMEYER, Circuit Judge:

In these cases, we hold that facts stated in a presentence report may not, at sentencing, be deemed to be admissions by the defendant sufficient to bypass the Sixth Amendment right to a jury trial as articulated in *United States v. Booker*, 125 S. Ct. 738 (2005), even though the defendant, who had been given the presentence report before sentencing, did not object to the facts. We therefore conclude that the district court violated the defendant's Sixth Amendment rights in each case when it relied on facts stated in the presentence report to enhance the defendant's sentence beyond the statutory maximum. We vacate the sentences in these two appeals and remand for resentencing.

I

During September and October 2002, agents with the Tri-Lateral Drug and Violent Crime Task Force conducted an investigation of drug trafficking in Beckley, West Virginia, by Jason and Lee Milam, who are brothers. Using cooperating witnesses, the agents made three controlled purchases of cocaine powder and "Ecstasy" (3,4-methylene-dioxymethamphetamine) pills from the Milams during September and October 2002. After additional evidence was obtained during searches of the Milams' residences, the two were charged in a seven-count indictment with trafficking in cocaine and Ecstacy.

Each pleaded guilty to Count 6, which charged the two with aiding and abetting each other on October 2, 2002, in distributing an unspecified quantity of Ecstasy, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. During the plea colloquy, the brothers admitted to participating in a sale to a confidential informant of 51 pills of Ecstasy for $20 each.

In preparation for sentencing, the Probation Office prepared a presentence report in which the Probation Officer concluded, pursuant to statements taken from Jason and Lee, as well as from independent sources, that Jason and Lee had, during the relevant period, purchased amounts of cocaine and Ecstasy equivalent to 157.7 kilograms of marijuana under the Sentencing Guidelines. In making that calculation, the Probation Officer included 80 pills of Ecstacy purchased by Jason, 500 pills purchased by Lee, and specified amounts of cocaine purchased by each. Converting these quantities to their marijuana equivalents, the Probation Officer proposed a sentencing level of 26 for their relevant conduct. The Probation Officer also proposed a two-level enhancement for each brother because a firearm was possessed in connection with the drug trafficking. Finally, the Probation Officer recommended that no downward adjustment be given to either brother for acceptance of responsibility because each had tested positive for drugs while released on bond.

At sentencing, Lee Milam objected to the amount of drugs attributed to him, contending that he should be sentenced only on the basis of 51 pills of Ecstasy, the quantity to which he admitted in pleading guilty. He also objected to the firearm enhancement and to the Probation Officer's recommendation to deny him credit for acceptance of responsibility. The district court overruled in part Lee's objections to the drug amount. The court found that 580 Ecstasy pills should be imputed to him, as well as the cocaine that he sold himself and the cocaine that was found in Jason's trunk. Accordingly, the court found that the relevant conduct included the purchase of the equivalent of 87 kilograms of marijuana, yielding a base offense level of 24. The court denied Lee a downward adjustment for acceptance of responsibility because of his continuing criminal activity after arrest. The court sustained Lee's objection with respect to the firearm enhancement. The court sentenced Lee to 51 months' imprisonment,

which was at the bottom of the range of 51-63 months for an offense level of 24 and a criminal history category of I.

At sentencing, Jason Milam objected to the Probation Officer's recommendation to deny him credit for acceptance of responsibility. He did not object to the drug quantity attributed to him or to the firearm enhancement. The district court overruled Jason's objection and adopted the presentence report's factual finding that Jason's relevant conduct included the purchase of drugs equivalent in amount to 157.7 kilograms of marijuana and that Jason possessed a firearm in connection with drug trafficking. The district court sentenced Jason to 87 months' imprisonment, which was at the bottom of the range of 87 to 108 months for an offense level of 28 and a criminal history category of I.

From the sentences entered, both Lee and Jason appealed.

## II

The government properly concedes that Lee Milam's sentence violated his Sixth Amendment rights under *United States v. Booker*, 125 S. Ct. 738 (2005). Lee pleaded guilty to aiding and abetting in the distribution of an unspecified quantity of Ecstasy. The 51 pills to which Lee admitted in his guilty plea would lead to an offense level of 12 and a sentencing range of 12 to 18 months. Instead, the district court found, over Lee's objection, that he should be accountable for a greater quantity of drugs, which resulted in an offense level of 24 and a sentencing range of 51 to 63 months. In these circumstances, we take note of plain error and vacate Lee's sentence, remanding for resentencing. *See United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005).

## III

Jason Milam makes a *Booker* argument similar to Lee's. He and Lee pleaded guilty to the same count — aiding and abetting in the distribution of an unspecified quantity of Ecstasy. At his plea hearing, Jason, like his brother, admitted to having distributed at most the 51 Ecstasy pills involved in the controlled purchase on October 2, 2002.

He argues that the sale to which he admitted should have resulted in an offense level of 12 with a sentencing range of 12 to 18 months. Instead, the district court found that he should be accountable for the quantity of drugs stated in his presentence report, which, along with the firearm enhancement, resulted in an offense level of 28, with a sentencing range of 87 to 108 months. The district court's sentence of 87 months exceeded the 18 months permitted by his guilty plea, and Jason therefore contends that his Sixth Amendment rights, as articulated in *Booker*, were violated.

The government contends that Jason's circumstances are different because Jason, unlike Lee, did not object to the proposed findings of drug quantity and firearm involvement contained in the presentence report, and his failure to object constituted an admission of those facts for sentencing purposes. Specifically, the government contends that the "defendant's failure to object [to the presentence report] was functionally the same as admitting the facts." It argues:

> The [district] court's use of defendant's failure to object to significant provisions of the presentence report as admissions is consistent with common practice and common sense. Certainly defendant was aware that the presentence report was important in the sentencing process, and that his lack of objection would be treated as an admission. There is no reason to assume that his experienced defense counsel failed to so advise him — defendant asserts no such claim and does not accuse his sentencing counsel of incompetence, and, in fact, defendant's appellate counsel acknowledges that counsel at sentencing may have had legitimate strategic reasons for not objecting to the relevant conduct amount. Furthermore, the district court advised defendant at the plea hearing that it could not determine what an appropriate sentence would be until it received the presentence report. At sentencing the court asked Jason if he had read the presentence report, if he had gone over it with his lawyer, and if he understood it, to all of which he replied in the affirmative. Only then did the court actually formally adopt the report.

The government relies on Federal Rule of Criminal Procedure 32(i)(3)(A), which authorizes the district court to "accept any undis-

puted portion of the presentence report as a finding of fact," and on U.S.S.G. § 6A1.2(b), which provides that "parties must state in writing any objections, including objections to material information . . . contained in or omitted from" the presentence report. It points out that when such an objection is made, the district court is directed to resolve the objection at the sentencing hearing pursuant to Rule 32(i)(3), as it did with respect to Lee's objection to drug quantity. *See* U.S.S.G. § 6A1.3(b). The government cites to a line of cases in which we have concluded that a defendant's failure to object justifies the district court's reliance on the presentence report for factual matters. *See United States v. Thompson*, 421 F.3d 278, 285-86 (4th Cir. 2005), *cert. denied*, 126 S. Ct. 1463 (2006); *United States v. Gilliam*, 987 F.2d 1009 (4th Cir. 1993).

These cases relied on by the government address only how a district court may discharge its factfinding responsibility during sentencing under Rule 32(i)(3)(A). In *Thompson*, we approved the process by which the district court found the fact of prior convictions, which is specifically exempted from the *Booker* holding. Indeed, we noted that whether the defendant objected to or acquiesced in the presentence report's recitation of criminal history was irrelevant to our holding because no question of fact existed extraneous to the fact of the prior convictions. *Thompson*, 421 F.3d at 284 n.4.

And in *Gilliam*, we noted that, although the government bears the burden of proving by a preponderance of the evidence that quantity of drugs for which a defendant should be held accountable at sentencing, this burden can be met in several ways, including the defendant's failure to object to a recommended finding in a presentence report found to be reliable by the court. *Id*. at 1013 (citing *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990)). *Terry*, the case on which *Gilliam* relied, is part of a line of pre-*Booker* cases holding that "[a] mere objection to the finding in the presentence report is not sufficient. *The defendant has an affirmative duty* to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." 916 F.2d at 162 (emphasis added); *see also, e.g., United States v. Kiulin*, 360 F.3d 456 (4th Cir. 2004); *United States v. Carter*, 300 F.3d 415 (4th Cir. 2002).

The problem with the government's argument is its failure to recognize a distinction between those factual issues committed by Rule 32(i)(3) to the court for resolution and those factual issues committed by *Booker* to a jury. *Booker* makes certain facts resolvable only by a jury unless the defendant admits the facts so as to render irrelevant the Sixth Amendment protections that attach to finding them.

"[A]ny fact (other than prior conviction) *that increases the maximum penalty for a crime* must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) (quoting *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)). Such facts are considered "elements" of the offense, not sentencing facts, and proof of them must satisfy the requirements of the Sixth Amendment. *Id.* at 478; *Ring v. Arizona*, 536 U.S. 584, 609 (2002); *United States v. Gaudin*, 515 U.S. 506, 522-23 (1995). The Sixth Amendment not only commits any issue of fact that constitutes an element of the offense to a jury, it also requires that the fact be proved beyond a reasonable doubt, and the defendant must, in the process, enjoy the presumption of innocence. *Apprendi*, 530 U.S. at 484 (citing *In re Winship*, 397 U.S. 358, 363 (1970)). Consistent with these Sixth Amendment protections, the process cannot "presume" the existence of a fact that must be proved to the jury by the government. *Sandstrom v. Montana*, 442 U.S. 510, 521-23 (1979). Such a presumption — which results from the shifting burdens prescribed by Rule 32(i)(3) and U.S.S.G. § 6A1.3 — would conflict with "the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime." *Id.* at 522 (quoting *Morissette v. United States*, 342 U.S. 246, 275 (1952)).

Thus, any fact that increases the maximum penalty for a crime, even though previously treated as part of the sentencing process, must now be treated as an element of the offense, and as to that element, a defendant enjoys the protections of the Sixth Amendment. *See Booker*, 125 S. Ct. at 756.

The law is well established on how these Sixth Amendment protections can be bypassed. If the defendant expressly waives his Sixth Amendment rights, consents to factfinding by the court, or admits the fact otherwise committed to the jury, the Sixth Amendment protec-

tions are avoided. *See Apprendi*, 530 U.S. at 488 (observing that no question arises concerning the right to jury trial or the standard of proof when a defendant *admits* earlier convictions); *Blakely v. Washington*, 542 U.S. 296, 310 (2004) (noting that when a defendant pleads guilty, "the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding").

Any admission of fact must, of course, be of sufficient clarity and kind to justify taking the fact from the jury. To presume, infer, or deem a fact admitted because the defendant has remained silent, however, is contrary to the Sixth Amendment. *See Sandstrom*, 442 U.S. at 521-24; *Morissette*, 342 U.S. at 274-75; *United States v. United States Gypsum Co.*, 438 U.S. 422, 435 (1978) (noting that an element of a criminal offense "cannot be taken from the trier of fact through reliance on a legal presumption"). A presumption may not shift the burden of persuasion to the defendant. *See Patterson v. New York*, 432 U.S. 197, 214 (1977); *Sandstrom*, 442 U.S. at 524. Even when the government's facts go unanswered or unobjected to, the court may not in a criminal case tried to a jury direct a verdict in favor of the government. *See Sullivan v. Louisiana*, 508 U.S. 275, 277 (1993) (citing *Sparf v. United States*, 156 U.S. 51, 105-06 (1895)).

In this case, the presentence report attributed the equivalent of 157.7 kilograms of marijuana to Jason, and the district court adopted that fact. While Jason did admit to a sale that involved 51 pills (equivalent to approximately 3.7 kilograms of marijuana) in pleading guilty, he stood silent when the court adopted the finding that he be accountable for 157.7 kilograms of marijuana as part of his relevant conduct. The government argues that Jason's failure to object should be taken as an admission because Jason was represented by counsel and chose not to dispute the finding. But to presume an admission of an element of the crime from the failure to object would violate the well-established protections of the Sixth Amendment against presuming guilt or a finding of a fact against the defendant. Even if a defendant remains silent or fails to object to the government's evidence, the government retains the burden of proving all elements of the offense beyond a reasonable doubt.

The Sixth and Eighth Circuits, which have applied Rule 32 as the government urges, have failed to make the distinction between factual

issues committed to the court for resolution and factual issues committed by *Booker* to the jury with Sixth Amendment protections. Accordingly, they have continued to apply the traditional principles for finding sentencing facts under Federal Rule of Criminal Procedure 32(i)(3) and U.S.S.G. § 6A1.3(b), even though some fact issues are now, under *Booker*, governed by Sixth Amendment principles. *See, e.g., United States v. DeCarlo*, 434 F.3d 447 (6th Cir. 2006) (holding, without analysis, that the failure to object to a fact contained in the presentence report is an admission of that fact (citing *United States v. Adkins*, 429 F.3d 631 (6th Cir. 2005) (relying on pre-*Booker* precedent to hold same))); *United States v. Cullen*, 432 F.3d 903 (8th Cir. 2006) (same). *Cf. United States v. Morrisette*, 429 F.3d 318 (1st Cir. 2005) (holding that there was no Sixth Amendment violation where the defendant was sentenced based on a drug quantity not determined by a jury, when the defendant and his counsel *conceded* the accuracy of the prosecution's recitation of relevant facts and failed to object to the presentence report). Because the cases from these two circuits neither recognize the Sixth Amendment protections for facts that constitute an element of the offense under the *Apprendi* line of cases nor address the effect of *Booker* on factfinding during sentencing, we do not find them persuasive authority for disposition of the case before us, which concededly involved facts that supported a sentence "exceeding the maximums authorized by the facts established by a plea of guilty or a jury verdict." *Booker*, 125 S. Ct. at 756.

Because the district court's factfinding with respect to both Lee and Jason's sentences violated their Sixth Amendment rights, we take note of the plain error, *see Hughes*, 401 F.3d at 555-56, vacate their sentences, and remand for resentencing.

*SENTENCES VACATED AND CASES REMANDED*
*FOR RESENTENCING*

SHEDD, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's decision to vacate Lee Milam's sentence and to remand his case for resentencing. However, I dissent from the majority's decision to vacate Jason Milam's sentence.

It is clear that an admission by a defendant can support a sentence exceeding the maximum authorized by the facts established by a plea

of guilty or a jury verdict. *See United States v. Booker*, 543 U.S. 220, 244 (2005). Although other circuits have found that a defendant's failure to object to the presentence report ("PSR") alone constitutes an admission for *Booker* purposes, *see*, *e.g.*, *United States v. Gibson*, 434 F.3d 1234, 1251 (11th Cir. 2006); *United States v. McCully*, 407 F.3d 931, 933 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 305 (2005), I do not believe that we need to decide that specific issue.

Here, the PSR expressly noted that Jason "admitted" to purchasing the relevant quantity of drugs. *See* J.A. 130. At the beginning of the sentencing hearing, in response to the district court's inquiry, Jason stated that he had read the PSR, discussed it with his attorney, and understood its contents. *See* J.A. 92. Before adopting the PSR, the district court asked whether Jason had any objections. Although Jason's counsel noted an objection to the district court's denial of a credit for acceptance of responsibility, he affirmatively represented that Jason had no additional objections. *See* J.A. 99. Further, after the district court stated its finding of the amount of drugs attributable to Jason (which is the amount in the PSR), the district court inquired whether Jason or his attorney wished to comment on the guideline calculation; Jason's attorney answered in the negative. *See* J.A. 102.

Under these circumstances, where the PSR expressly stated that Jason had admitted to the drug amount and Jason expressly stated that he did not object to the PSR, I believe that Jason admitted the drug amount for *Booker* purposes. Therefore, I would affirm Jason's sentence.