**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4190**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES GOLLICK,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Chief District Judge.  (CR-03-160)

---

Submitted:  June 16, 2006          Decided:  July 11, 2006

---

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Sante Boninsegna, Jr., Pineville, West Virginia, for Appellant. Kasey Warner, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Gollick appeals his sentence to eighty-seven months in prison and three years of supervised release after pleading guilty to possession with intent to distribute a quantity of oxycodone, also known as oxycontin, on or about October 17, 2002, in violation of 21 U.S.C. § 841(a)(1) (2000). Gollick's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issues of whether the district court erred in calculating the drug weight for sentencing purposes and whether his sentence violated the Sixth Amendment under Blakely v. Washington, 542 U.S. 296 (2004). Gollick filed a pro se supplemental brief further addressing the drug weight issue and alleging ineffective assistance of counsel at sentencing and on appeal.[1] Because we find plain error occurred in Gollick's sentencing under United States v. Booker, 543 U.S. 220 (2005), we vacate his sentence and remand for resentencing in accordance with Booker.[2]

Because Gollick raised no objection at sentencing, we review his sentence for plain error. See United States v. Hughes,

---

[1] We construed Gollick's pleading filed on December 15, 2004, as his pro se supplemental brief.

[2] Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Gollick's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

401 F.3d 540, 547 (4th Cir. 2005). "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to the jury beyond a reasonable doubt." Booker, 543 U.S. at 244. We will find plain error if the district court could not have imposed the sentence it did without exceeding the relevant Sixth Amendment limitation. See Hughes, 401 F.3d at 550-51.

Gollick pled guilty to possession with intent to distribute a quantity of oxycodone. Although ninety and one-half eighty-milligram oxycontin pills were seized from Gollick, he did not stipulate to any drug quantity and no amount was indicated in either the plea agreement or the indictment. The district court determined Gollick's base offense level was twenty-eight under U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c) (2001) based on findings in the presentence report that Gollick was responsible for 3100 eighty-milligram oxycontin tablets. With a three-level reduction for acceptance of responsibility and criminal history category III, Gollick's sentencing guideline range was seventy to eighty-seven months. While Gollick did not object to the presentence report, his silence did not constitute an admission to drug weight under Booker. See United States v. Milam, 443 F.3d 382 (4th Cir. 2006). If Gollick had been sentenced based on the ninety and one-half oxycontin pills, his base offense level would have

- 3 -

only been sixteen, see USSG § 2D1.1, resulting in a guideline range of twenty-seven to thirty-three months. Because Gollick's sentence clearly exceeded the maximum authorized by his guilty plea, we find plain error occurred at sentencing that affected his substantial rights. We find Gollick's remaining issues are meritless. We find no support for Gollick's challenge to the calculation of drug weight, and we conclude his claims of ineffective assistance of counsel should be raised in a 28 U.S.C. § 2255 (2000) proceeding. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

In accordance with Anders, we have reviewed the entire record in this case and affirm Gollick's conviction. We conclude, however, that Gollick's sentencing violated Booker. Accordingly, although we affirm Gollick's conviction, we vacate his sentence and remand for resentencing.[3] We deny Gollick's counsel's motion to seal the Anders notice. We also deny Gollick's pro se motions

_____

[3]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." Booker, 543 U.S. at 264. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range . . . and reasonable." Id. at 546-47.

requesting new counsel, transcripts at government expense, and an extension of time for additional pro se supplemental briefing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>