**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4495**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MELVIN LOCKLEAR,

Defendant - Appellant.

---

**No. 03-4505**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MELVIN LOCKLEAR,

Defendant - Appellant.

---

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-6095)

---

Submitted: July 12, 2006          Decided: September 20, 2006

---

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Melvin Locklear appeals his 235-month prison sentence resulting from his conviction for distribution of cocaine base, in violation of 21 U.S.C. § 841 (2000), and conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000). Although we previously affirmed Locklear's convictions and sentence, the Supreme Court granted Locklear's petition for certiorari, vacated this court's judgment, and remanded for further consideration in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). We reaffirm Locklear's conviction, which he does not challenge, but vacate his sentence and remand for resentencing in light of Booker.

Locklear contends that the district court improperly sentenced him when it imposed a sentence greater than the maximum authorized by the facts to which he admitted in his guilty plea.[1] Because he failed to raise this claim below, we review it for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Locklear pled guilty to distribution of at least five grams of cocaine base and conspiracy to distribute at least fifty grams of

_____

[1]The Government contends that Locklear admitted the higher drug quantity by not objecting to the presentence report. However, in United States v. Milam, 443 F.3d 382 (4th Cir. 2006), this court determined that a failure to object to the presentence report does not constitute an admission of facts set forth in the report for the purposes of Booker. "To presume, infer, or deem a fact admitted because the defendant has remained silent is contrary to the Sixth Amendment." Id.

cocaine base. At sentencing, the district court held Locklear accountable for 1.76 kilograms of cocaine base for a base offense level of thirty-eight under U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2004). The district court also added two offense levels for possession of a dangerous weapon pursuant to USSG § 2D1.1(b)(1), and subtracted three offense levels for acceptance of responsibility under USSG § 3E1.1(a). The drug quantity stated in the indictment equates only to a base offense level of thirty-two and not the base offense level of thirty-eight upon which he was sentenced. Also, Locklear's guilty plea did not include an admission to the possession of a firearm; thus the district court's two offense level increase for possession of a dangerous weapon also violated the Sixth Amendment. Because Locklear's criminal history level was II, the district court's drug quantity and role in the offense factual findings increased Locklear's sentencing range from 135-168 months to 235-293 months. Locklear's 235-month sentence thus exceeded the sentence that could have been imposed based only on the facts admitted to in the guilty plea. The district court erred in basing the sentence on judge-found facts under a mandatory guidelines regime, and the error was plain. Hughes, 401 F.3d at 547-48. Because Locklear's sentence was longer than what could have been imposed based on the guilty plea alone, the error affected his substantial rights, id. at 548, and we will

- 4 -

notice the error, id. at 555. Therefore, Locklear must be resentenced.[2]

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all the factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

Accordingly, we vacate Locklear's sentence and remand for resentencing in light of Booker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Locklear's sentencing.

- 5 -