**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4083

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WARREN EDWIN MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-02-1280)

Submitted:  January 31, 2007        Decided:  February 15, 2007

Before NIEMEYER and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Christopher J. Moran, Columbia, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warren Edwin Moore appeals the sentence imposed after he pleaded guilty to possession with intent to distribute a quantity of cocaine, in violation of 18 U.S.C. § 841(a)(1), (b) (2000). Moore argues on appeal that his sentence violates the Sixth Amendment right to a jury trial and should be vacated because the district court's determination of drug quantity and possession of a firearm resulted in a sentence that violated his substantial rights.

In <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Supreme Court held that <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), applies to the federal sentencing guidelines and that the mandatory guidelines scheme, which provided for sentence enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment. <u>See</u> <u>Booker</u>, 543 U.S. at 226-27, 245. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. 543 U.S. at 245.

Moore was sentenced before <u>Blakely</u> and <u>Booker</u> were decided. Because he made no objection to his sentence calculation in the district court, the Sixth Amendment claims he raises on appeal under <u>Blakely</u> are reviewed for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 732-37 (1993) (discussing standard);

- 2 -

United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005) (same).

At sentencing, the district court adopted the recommendation in the presentence report that Moore was responsible for 77.55 grams of powder cocaine and 40.39 grams of crack cocaine, resulting in an equivalence of 823.31 kilograms of marijuana. The superseding indictment does not indicate the quantity of cocaine related to the count to which Moore pleaded guilty. The indictment reads "a quantity of cocaine." (J.A. 10). Nor did Moore admit to a quantity at his plea hearing. The weapon enhancement requires a finding that the firearm was present during the drug offense and that it was not clearly improbable that the firearm was connected to the drug offense. USSG § 2D1.1, comment. (n.3). Therefore, the district court's adoption of the drug quantity used to establish Moore's base offense level under § 2D1.1 and the weapon enhancement pursuant to § 2D1.1(b)(1) violates the Sixth Amendment under Booker because each requires a factual finding that goes beyond that admitted by Moore.

Had the district court counted only the lowest level for quantity of cocaine and eliminated the weapon enhancement, the offense level for Count Two would be 12, see USSG § 2D1.1(c)(14) (less than 25 grams of cocaine). Moore had six criminal history points, which placed him in category III. His guidelines range would be 15-21 months. Moore's 108-month sentence thus exceeds the

- 3 -

maximum sentence permitted based on facts established by the guilty plea.

The Government first argues that Moore has waived his right to challenge his sentence because Moore acknowledged in his plea agreement that his sentence would be imposed in conformity with the Sentencing Guidelines.  Because this court has not held that an understanding that a sentence would be imposed in a particular manner constitutes a waiver of appeal rights, we reject the Government's argument.  See United States v. Hamdi, 432 F.3d 115, 122-24 (2d Cir. 2005) (an agreement to be sentenced under the Guidelines did not waive the right to appeal the sentence).

The Government also argues that Moore has failed to object to the district court's findings and thus any error would be harmless.  However, Moore's failure to object to the presentence report does not amount to an admission of the facts set out in the report.  United States v. Milam, 443 F.3d 382, 387-88 (4th Cir. 2006).  Moore made no admissions.  He did not stipulate to facts regarding drug quantity or firearm possession at the guilty plea hearing, the indictment did not specify a quantity of cocaine, and his withdrawal of his objections at sentencing did not constitute an admission.  See id.

Because Moore has established plain error, we vacate his sentence and remand for resentencing consistent with Booker and Hughes. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED