**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4905**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHARON LEE NECESSARY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (5-05-cr-00033)

———————

Submitted: February 22, 2007      Decided:  February 27, 2007

———————

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Patricia A. Kurelac, KURELAC LAW OFFICES, Moundsville, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Charleston, West Virginia, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharon Lee Necessary pled guilty to conspiracy to distribute methamphetamine, 21 U.S.C. § 846 (2000), and was sentenced to a term of seventy months imprisonment. Necessary appeals her sentence, contending that her Sixth Amendment rights were violated by the district court's fact findings concerning the drug amount and the applicability of a weapon enhancement. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2004). We affirm.

In the district court, Necessary contested the drug amount and the firearm enhancement on factual grounds, but did not raise a Sixth Amendment claim. On appeal, relying on United States v. Milam, 443 F.3d 382 (4th Cir. 2006), Necessary argues that, following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the sentencing court may consider only such facts pertinent to the sentence that were proved to a jury beyond a reasonable doubt or were admitted by the defendant, even when the sentencing guidelines are applied as advisory. We review her claim for plain error, see United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005), and conclude that it is without merit. Milam addressed sentences that were imposed under a mandatory guideline scheme. When a defendant is sentenced under the post-Booker advisory guideline scheme, the district court may make factual findings about sentencing factors without violating the Sixth Amendment, as long as the sentence does not exceed the

statutory maximum sentence for the offense of conviction. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). Necessary's seventy-eight-month sentence did not exceed the twenty-year statutory maximum sentence applicable to the offense to which she pled guilty. No error occurred.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>