**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5022

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WARREN SANDERS, a/k/a New York Mike, a/k/a
Charlie Brown, a/k/a William McKinney,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (3:03-cr-00086)

Submitted:  September 26, 2007        Decided:  October 16, 2007

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

John H. Tinney, Jr., James K. Tinney, THE TINNEY LAW FIRM, PLLC,
Charleston, West Virginia, for Appellant.  Charles T. Miller,
United States Attorney, Miller A. Bushong, III, Assistant United
States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warren Sanders appeals the 235-month sentence he received for distribution of more than five grams of cocaine base (crack), 21 U.S.C.A. § 841(a), (b)(1)(B) (West 2000 & Supp. 2007), after we remanded his case for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). Sanders contends that the district court violated his Sixth Amendment rights by determining his sentence based on drug quantities which he did not admit during his guilty plea. We affirm.

Sanders maintains that the district court erred in calculating his offense level based on relevant conduct that was more than the 12.8 grams of crack he admitted distributing at the guilty plea hearing. He argues that the district court failed to distinguish between statutory Booker error (applying the guidelines as mandatory rather than advisory) and Sixth Amendment Booker error (imposing a sentence above the maximum authorized based on facts either admitted by the defendant or proved to a jury). He relies on United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005), and United States v. Milam, 443 F.3d 382 (4th Cir. 2006). However, both of these decisions deal with sentences imposed before Booker.

After Booker, a district court is no longer bound by the range prescribed by the sentencing guidelines. Cunningham v. California, 127 S. Ct. 856, 875 (2007); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in imposing a sentence

-2-

post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted).

Because Sanders was sentenced on remand under an advisory guideline scheme, the district court did not violate the Sixth Amendment by making factual findings as to drug quantity by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED