**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4674

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RAUL DIAZ MARTINEZ,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, District Judge. (3:08-cr-00014-MR-1)

Submitted: August 28, 2008       Decided: September 25, 2008

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Claire J. Rauscher, Raquel Wilson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raul Diaz Martinez appeals the sentence imposed following his guilty plea to one count of improper entry by an alien, in violation of 8 U.S.C. § 1325(a) (2000). Martinez does not appeal his conviction. We vacate the sentence and remand for resentencing in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Section 1325(a) states:

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, **for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both, and, for a subsequent commission of any such offense, be fined under Title 18, or imprisoned not more than 2 years, or both.**

8 U.S.C. § 1325(a) (2006) (emphasis added). The district court determined by a preponderance of the evidence that Martinez had previously violated § 1325(a), and was thus subject to the two-year statutory maximum. The court sentenced Martinez to twelve months and one day of imprisonment, and Martinez timely appealed.

The Government concedes Sixth Amendment error. In Apprendi, the Supreme Court held that any factor, other than a prior conviction, that increases the statutory maximum term must be alleged in the indictment and proven beyond a reasonable doubt, or admitted by the defendant. See also Blakely v. Washington, 542

2

U.S. 296, 304 (2004) (recognizing that court could not sentence based on facts not admitted in defendant's guilty plea).  Martinez has never been previously convicted under § 1325.  Moreover, the indictment does not allege a prior commission of a violation of § 1325, the issue was not submitted to a jury, and, under United States v. Milam, 443 F.3d 382 (4th Cir. 2006), Martinez did not admit any prior commission of a § 1325 offense as part of his guilty plea.  Accordingly, the district court's conclusion that the statutory maximum penalty for Martinez was two years rather than six months was erroneous.

Because Martinez's sentence violates Apprendi, we vacate his sentence and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3