**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4655**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JOHNNY RAY SPARROW, a/k/a Johnny Blaze,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Fox, Senior District Judge.  (4:11-cr-00009-F-1)

Submitted:  June 27, 2013         Decided:  July 16, 2013

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cindy H. Popkin-Bradley, CINDY H. POPKIN-BRADLEY, ATTORNEY AT LAW, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Ray Sparrow, Jr., entered a guilty plea to the charges of distributing, and aiding and abetting the distribution of, five or more grams or more of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Sparrow to a term of imprisonment of 78 months.

On appeal, Sparrow argues that the district court erred in its sentencing determination. Sparrow contends that the court included certain drug quantities as relevant conduct in calculating his advisory sentencing guidelines range, without finding by a preponderance of the evidence that those quantities were attributable to him. Upon our review, we conclude that the district court did not err and, accordingly, we affirm the district court's judgment.

I.

In March 2008, Sparrow and a co-defendant, Darian Jevon Cantey, sold 37.5 grams of cocaine and 15.8 grams of cocaine base to a confidential informant working for the Lenoir County Sheriff's Office in Kinston, North Carolina (the March 2008 transaction). After the transaction was completed, investigators conducted a search of Sparrow's residence, where they found an unidentified quantity of marijuana and a $20 bill

2

that was part of the "buy money" provided by the confidential informant.

The March 2008 transaction formed the basis of Sparrow's indictment, in which he was charged with distributing, and aiding and abetting the distribution of, five or more grams of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Sparrow entered a guilty plea to those charges without the benefit of a plea agreement.

After the district court accepted Sparrow's guilty plea, the United States Probation Office prepared Sparrow's presentence investigation report (PSR). In addition to the drug quantities arising from the March 2008 transaction, the findings in the PSR attributed additional drug quantities to Sparrow from prior transactions as part of the relevant conduct of Sparrow's present offenses. See U.S.S.G. § 1B1.3. The PSR stated that investigators interviewed two cooperating individuals, Clifton Edwards and Kendall Wells, who attested that they purchased drugs from Sparrow.[1] According to the PSR, Edwards stated that he purchased at least 1.5 ounces of cocaine from Sparrow, and

---

[1] The PSR also included a discussion of a third cooperating individual, Maurice Brown, who told investigators that he purchased drugs from Cantey, Sparrow's co-defendant. The quantity of drugs that Brown stated he purchased from Cantey was not attributed to Sparrow in calculating Sparrow's sentence.

that he had seen Sparrow possess an additional 3 ounces of cocaine and 2 pounds of marijuana. The PSR also stated that Wells began purchasing cocaine from Sparrow in 2000, and that in an 18-month period Wells purchased 108 ounces of cocaine from Sparrow.

In combination with the drug quantities at issue in the March 2008 transaction, the calculations in the PSR indicated that Sparrow was responsible for the distribution of 109.5 ounces (3,104.33 grams) of cocaine, 15.8 grams of crack cocaine, and 2 pounds (907.2 grams) of marijuana, for a total marijuana-equivalency rate of 678.2 kilograms. Based on these calculations, the PSR stated that Sparrow's base offense level under U.S.S.G. § 2D1.1(c)(6) was 28. After 3 points were deducted for acceptance of responsibility, resulting in an adjusted offense level of 25, and given Sparrow's criminal history category of III, the PSR stated that Sparrow's advisory guidelines range was a term of between 70 and 87 months' imprisonment.

Sparrow filed written objections to the PSR, accepting responsibility for the drug quantities at issue in the March 2008 transaction, but asserting that he should not be held accountable for the additional drug quantities attributed to him by Edwards and Wells. Sparrow contended in his objections that

4

he did not know Edwards and Wells, that they were not credible, and that their accusations against him were false.

The district court held a sentencing hearing, at which the government called as a witness Detective Michael Shawn Howard of the Lenoir County Sheriff's Office. Howard, who was the case agent for the County's investigation of Sparrow's drug activities, provided testimony concerning his interviews with Edwards and Wells. Howard testified that Edwards and Wells stated that Sparrow distributed to them certain quantities of drugs, as recounted in the PSR. Howard further testified that he found Edwards and Wells to be reliable, because information provided by them led to the convictions of several other defendants, and because Edwards and Wells provided Howard certain identifying information about Sparrow that supported their statements.

After Sparrow's counsel cross-examined Howard, the government argued that it had "proven [the] drug weight by a preponderance of the evidence." The district court stated in response that it was "going to find that [Sparrow] is responsible for the distribution of 109.5 ounces of cocaine, 15.8 grams of crack cocaine, [and] two pounds of marijuana, which have a marijuana equivalency of 678.2 kilograms," thus adopting the drug weight calculation from the PSR. Accordingly, the district court overruled Sparrow's objections to the PSR,

and the court formally adopted the findings in the PSR, including the guidelines range of 70-87 months' imprisonment. The court heard argument from Sparrow's counsel and a brief statement from Sparrow, after which the court announced a sentence of 78 months' imprisonment and a period of supervised release of three years. The court stated that, in imposing this sentence, the court had considered Sparrow's advisory guidelines range and the factors set forth in 18 U.S.C. § 3553(a).

After sentencing Sparrow, the district court held a bench conference with the parties, during which the court expressed dissatisfaction with the government's practice at sentencing of offering the hearsay testimony of an investigator, rather than presenting testimony from the cooperating individuals. In relevant part, the district court stated that:

> Now, this business of having trials on the amounts of drugs, if you would bring the people in here that he's denied knowing, the next time I'll take away his acceptance of responsibility. I want an end to this. . . . If he won't accept it, the [drug weight] amount on his plea agreement, you [the assistant United States Attorney (AUSA)] damn well be prepared to prove it . . . . And if you [the AUSA] can't get this thing straight and get it proved right then I'm going to find with the defendant. . . . Do you [the AUSA] understand to tell your boss that? . . . Well, you can tell him, by God, that you've seen a judge that's mad as hell about this.

The district court entered its judgment, and Sparrow timely filed a notice of appeal.

6

II.

Sparrow's sole argument on appeal is that the district court erred in sentencing him on the basis of the drug weight that included the drug quantities attributed to him by Edwards and Wells, because, in Sparrow's view, the district court did not find that drug weight attributable to him by a preponderance of the evidence. Sparrow bases this contention primarily on the statements made by the court during the bench conference. We disagree with Sparrow's argument.

As a general matter, we review a district court's sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). We review for clear error the district court's factual findings, including the court's calculation of the quantity of drugs attributable to a defendant with relation to his sentencing. United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011); United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010); United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999).

For purposes of sentencing, the government must prove the drug quantities attributable to the defendant by a preponderance of the evidence. United States v. Milam, 443 F.3d 382, 386 (4th Cir. 2006); Randall, 171 F.3d at 210. In this context, the district court is entitled to consider any relevant evidence,

7

including hearsay statements, so long as they are reliable, even though such statements might be inadmissible during a trial. Randall, 171 F.3d at 210.

Sparrow's argument is untenable because it would require us to determine that the district court deemed Edwards' and Wells' statements unreliable, yet nevertheless overruled Sparrow's objections to the PSR and adopted the PSR's findings despite the government's purported failure of proof. Such a conclusion is not supported by the record.

The district court considered the findings in the PSR and heard testimony from Howard concerning his interviews with Edwards and Wells, including the reasons why Howard thought that the information they provided was credible and reliable. After Howard's testimony, the government explicitly argued that it had "proven [the] drug weight by a preponderance of the evidence." Immediately thereafter, the court overruled Sparrow's objection to the calculation in the PSR of the drug quantities attributable to him, and the court adopted the PSR and stated that the findings contained in the PSR were "credible and reliable." In light of this sequence of events, it is readily apparent that the court did find by a preponderance of the evidence that the drug quantities relating to Edwards' and Wells' statements, which were incorporated in the PSR's drug weight calculation, were properly attributable to Sparrow.

8

We further note that we are not persuaded by Sparrow's assertion that the district court's comments at the bench conference, after the court announced Sparrow's sentence, indicate that the court was not convinced that the government had met its evidentiary burden. Although the district court expressed a clear preference that the government present direct rather than hearsay testimony in future sentencing hearings involving disputed drug quantities, we will not draw the negative inference that the lack of such testimony in this case constituted a failure of proof.[2] Sparrow is required to

---

[2] Nevertheless, we note our concern with the remarks made by the district court during the bench conference. Contrary to the district court's suggestion, a defendant who pleads guilty to an indictment without a plea agreement will generally be eligible for a reduction in his base offense level under the sentencing guidelines for acceptance of responsibility, even if that defendant does not acquiesce to the government's allegations of any alleged "relevant conduct" that was not charged in the indictment. See U.S.S.G. § 3E1.1 cmt. n. 1(A) ("A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection."); Elliott v. United States, 332 F.3d 753, 766 (4th Cir. 2003). It is only when a defendant "falsely denies" or "frivolously contests" relevant conduct that the district court determines to be true does a defendant lose his eligibility for the acceptance of responsibility reduction. See U.S.S.G. § 3E1.1 cmt. n. 1(A) ("However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."); Elliott, 332 F.3d at 766. Thus, a defendant who merely requires the government to meet its proof burden to establish relevant conduct, in the absence of any "false denial" by the defendant, does not jeopardize his eligibility for the reduction, as the (Continued)

9

establish that the district court clearly erred in adopting the drug weight calculation in the PSR, <u>Slade</u>, 631 F.3d at 188, and he has failed to meet his burden here.

For these reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

district court's comments during the bench conference would suggest.