**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4778**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TODD STEPHENS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Senior District Judge. (2:18-cr-00222-1)

Submitted: October 22, 2020                    Decided: November 17, 2020

Before WILKINSON, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, L. Alexander Hamner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Stephens appeals the 57-month sentence imposed following his guilty plea to possession with intent to distribute fentanyl and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On appeal, Stephens argues that the district court clearly erred in calculating his drug quantity at sentencing based on the testimony of his codefendant, Bree Eberbaugh, who he claims was not credible. Finding no error, we affirm.

"We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Williamson*, 953 F.3d 264, 272 (4th Cir. 2020) (internal quotation marks omitted), *petition for cert. filed*, No. 20-5759 (U.S. Sept. 18, 2020). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).

For sentencing purposes, the prosecution must establish drug quantity by a preponderance of the evidence. *United States v. Milam*, 443 F.3d 382, 386 (4th Cir. 2006). In making factual findings regarding drug weight, the district court may "consider any relevant information before it," even "uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks omitted). A defendant contesting the district court's drug weight calculation on appeal "bears the

2

burden of establishing that the information relied upon by the district court . . . is erroneous." *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011).

"[A] finder of fact is entitled to believe the testimony of even the most dishonest of witnesses." *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (internal quotation marks omitted). Thus, we must "afford great deference to a district judge's credibility determinations and how the court may choose to weigh the evidence." *Williamson*, 953 F.3d at 273 (internal quotation marks omitted). "[O]verturning a credibility determination is usually reserved for extreme situations wherein, for example, it would have been physically impossible for the witness to observe what [s]he described." *Patterson*, 957 F.3d at 435 (internal quotation marks omitted); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) (observing that court's decision to credit testimony of witness who "has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, . . . if not internally inconsistent, can virtually never" amount to clear error).

Affording, as we must, this significant deference to the district court's credibility assessment, we discern no clear error in the court's drug weight calculation. Stephens' arguments seeking to invalidate the court's credibility assessment are inadequate to compel a different result. First, the court was entitled to accept Eberbaugh's testimony even absent corroborating evidence. *See Anderson*, 470 U.S. at 575; *Mondragon*, 860 F.3d at 233. And, contrary to Stephens' assertions, the tangible evidence seized from Eberbaugh's apartment and cell phone provided some limited corroboration of her account.

3

Next, Stephens' emphasis on Eberbaugh's motive to inflate his culpability and on Eberbaugh's heavy drug use during the relevant time period, although not without foundation, likewise falls short. While these factors provided fertile grounds for cross-examination, they did not require the district court to discredit Eberbaugh's testimony. *See Patterson*, 957 F.3d at 435-36 (explaining that witness' drug addiction, prior inconsistent statement, and motive to fabricate did not establish clear error in court's acceptance of his testimony, as "none of these issues makes [his] testimony incoherent or implausible").

Finally, having thoroughly reviewed the district court's rulings on Stephens' objections to the presence report, we conclude that the court's specific findings do not evidence a lack of confidence in Eberbaugh's testimony. Instead, the court accepted Stephens' arguments regarding the limited scope of Eberbaugh's testimony with respect to the firearms and cash seized from her apartment, and it conservatively estimated the drug weight attributable to Stephens through Eberbaugh's account. *See United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (requiring court to sentence at low end of witness' uncertain drug quantity estimate); *United States v. Uwaeme*, 975 F.2d 1016, 1019 (4th Cir. 1992) (permitting court to adopt rough approximation of drug weight, although it "do[es] not approach scientific or statistical accuracy"). In short, Stephens fails to demonstrate that his case presents circumstances sufficiently extraordinary to overcome the substantial deference owed the district court's credibility determination. *See Patterson*, 957 F.3d at 435.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*