**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4244**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TEVIN JAWAUN GLOVER, a/k/a Glizzy,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:21-cr-00506-RMG-7)

Submitted:  February 27, 2025                Decided:  March 3, 2025

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Christopher W. Adams, ADAMS & BISCHOFF, P.C., Charleston, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, John Whitney Sowards, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tevin Jawaun Glover appeals the 60-month sentence imposed following his guilty plea to conspiracy to distribute cocaine, heroin, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and using a telephone to facilitate the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b). On appeal, Glover argues that the district court clearly erred in calculating the amount of heroin attributable to him at sentencing. Finding no error, we affirm.

At Glover's sentencing hearing, Task Force Officer Jerome De Sheers testified to numerous intercepted telephone calls in which Glover discussed the distribution of heroin with a coconspirator. Explaining his drug weight calculations, De Sheers first attributed to Glover 56.5 grams (roughly two ounces) of heroin that he referenced across several phone calls either possessing or obtaining from his coconspirator. De Sheers determined, based on an earlier conversation between the two coconspirators, that Glover cut these two ounces from heroin already in his possession. De Sheers then attributed an additional ounce (28.35 grams) of heroin to Glover based on his agreement with the same coconspirator to split a two-ounce purchase of heroin.

"We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Williamson*, 953 F.3d 264, 272 (4th Cir. 2020) (internal quotation marks omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).

2

For sentencing purposes, the prosecution must establish drug quantity by a preponderance of the evidence. *United States v. Milam*, 443 F.3d 382, 386 (4th Cir. 2006). "Under the [Sentencing] Guidelines, where there is no drug seizure . . . , the court shall approximate the quantity of the controlled substance." *Williamson*, 953 F.3d at 273 (cleaned up). In making factual findings, "a sentencing court may give weight to any relevant information before it . . . provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir. 2010). A defendant contesting the district court's drug weight calculation on appeal "bears the burden of establishing that the information relied upon by the district court . . . is erroneous." *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011).

On appeal, Glover reasserts his contention that the amount attributed to him resulted from double counting. He does so by offering an alternative interpretation of the facts, contending that the preponderance of the evidence supports the conclusion that at least a portion of the first 56.5 grams attributed to him was the same heroin as the 28.35 grams— i.e., his half of the two ounces he and his coconspirator had agreed to purchase and split. Upon review of the record and the parties' arguments, we discern no clear error in the district court's drug weight calculation. The court reasonably credited De Sheers's testimony and adopted his conservative calculation based on Glover's own conversations.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*