**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 08-4238**

—————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

LARRY BLEVINS,

            Defendant - Appellant.

—————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Thomas E. Johnston,
District Judge.  (5:07-cr-00017-1)

—————————

Submitted:  February 4, 2009          Decided:  March 6, 2009

—————————

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

S. Mason Preston, PRESTON & WEESE, L.C., Lewisburg, West
Virginia, for Appellant.   Charles T. Miller, United States
Attorney, Miller Bushong, Assistant United States Attorney,
Beckley, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Blevins pled guilty pursuant to a written plea agreement to distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2006). Blevins was sentenced to seventy months' imprisonment. Finding no error, we affirm.

On appeal, Blevins contends the district court erred in calculating the quantity of drugs attributable to him. When determining a sentence, district courts must initially calculate the appropriate advisory Guidelines range. Gall v. United States, 128 S. Ct. 586, 596 (2007). The court may consider any relevant and reliable evidence before it, including hearsay, in establishing relevant conduct. United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991). Indeed, hearsay alone can provide sufficiently reliable evidence of drug quantity. United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992). The Government has the burden of establishing the quantity of drugs used for sentencing calculations by a preponderance of the evidence. United States v. Milam, 443 F.3d 382, 386 (4th Cir. 2006).

We review the district court's drug quantity determination for clear error. United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004). The district court is not required to precisely calculate attributable drug weights, but may instead approximate drug quantity. U.S. Sentencing

2

Guidelines Manual ("USSG") § 2D1.1, comment. (n.12) (2006) (permitting courts to approximate the quantity of drugs where there has not been a seizure or the amount seized does not properly reflect the scale of the offense). "A district court's approximation of the amount of drugs is not clearly erroneous if supported by competent evidence in the record." United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). If the district court relies on the drug quantity included in the presentence report, the defendant bears the burden of establishing that the information is incorrect. Id. at 210-11. "[M]ere objections [to the presentence report] are insufficient." Id. at 211.

The presentence report recommended a drug weight the marijuana equivalent of 1523.15 kilograms, based on seven controlled purchases, substances seized during a search of Blevins's residence, and Blevins's statement. Also included in the report were five additional controlled purchases, information obtained from the confidential informant during a debriefing interview, and the statement of Clifford Roy Johnston--an individual named as an aider and abetter in the offense.

At sentencing, counsel argued that the drug weights contained in Blevins's statement were unreliable as a psychological analysis indicated that Blevins was "easily led" and not competent to waive his rights pursuant to Miranda v.

*Arizona*, 384 U.S. 436 (1966). Counsel likewise argued that the drug weights contained in Johnston's statement were unreliable as Johnston suffered memory loss due to a mining accident.

The district court reviewed the statements of Blevins and Johnston, and determined that they were "generally consistent." While the court acknowledged that Blevins might suffer from mental health issues, it nevertheless concluded that such issues were insufficient to cause the reliability of his statement to be questioned. Accordingly, the court found credible evidence to support the relevant conduct, overruled Blevins's objections, and adopted the presentence report as written.

Counsel continues to assert on appeal that the statements made by Blevins and Johnston are unreliable. The statements conservatively establish that Blevins dealt half an ounce of cocaine base a week for four months, or a total of eight ounces. Controlled purchases confirm that Blevins sold cocaine base from July 2006 to October 2006. Moreover, a confidential informant observed approximately 7.5 grams, or a little more than one-quarter ounce, of cocaine base at Johnston's residence that was said to belong to Blevins. Johnston confirmed that he on occasion held cocaine base for Blevins. Based on these facts, the district court cannot be said to have clearly erred in its calculation of drug quantity.

4

Blevins also contends that the district court erred in denying his motion to suppress the search of his residence under State v. Mullens, 650 S.E.2d 169, 190 (W. Va. 2007) (holding West Virginia State Constitution prohibits police from sending informant into another's home to secretly use an electronic surveillance device without a warrant).[*] In his motion, raised for the first time during the sentencing hearing conducted on February 6, 2008, Blevins argued that the search warrant issued in his case was improperly based on surveillance prohibited by Mullens. The district court denied Blevins's motion to suppress as both untimely and without merit.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Thus, "direct review of an adverse ruling on a [motion to suppress] is available only if the defendant expressly preserves that right by entering a conditional guilty plea." United States v. Wiggins, 905 F.2d 51, 52 (4th Cir. 1990). As Blevins's guilty plea was not

---

[*] Mullens issued on February 28, 2007, more than two months prior to Blevins's guilty plea on May 7, 2007.

conditionally entered, and he does not challenge the voluntary and intelligent nature of his plea, he has waived review of the denial of his motion to suppress.

In any event, the district court did not err in denying Blevins's motion.  A motion to suppress must be made prior to the commencement of trial.  Fed. R. Crim. P. 12(b)(3)(C).  Failure to timely raise a motion to suppress will generally constitute forfeiture of the issue unless the district court determines relief from the forfeiture is warranted.  Fed. R. Crim. P. 12(e); United States v. Ruhe, 191 F.3d 376, 386 (4th Cir. 1999) (referencing Rule 12(f), amended to 12(e) in 2002).  A district court's decision on whether or not to permit an untimely suppression motion under Rule 12(e) is reviewed for clear error.  Ruhe, 191 F.3d at 385.  Since Blevins failed to offer any explanation for his untimeliness, the district court cannot be said to have clearly erred in denying the motion to suppress.

Even on the merits, the district court correctly concluded that whether or not a seizure violates state law is irrelevant to the determination of a motion to suppress in federal court.  See United States v. Van Metre, 150 F.3d 339, 347 (4th Cir. 1998) (stating relevant inquiry is not whether state law enforcement officer violated state law in securing evidence, but whether Fourth Amendment was violated).  Moreover,

6

federal statutory and constitutional law permits officials to place an electronic surveillance device on a consenting informant for the purpose of recording communications with a third-party suspect, even in the absence of a warrant. 18 U.S.C. § 2511(2)(c) (2006); see also United States v. White, 401 U.S. 745, 751-54 (1971) (plurality opinion) (determining warrantless use of electronic equipment by undercover government agent in recording conversation with defendant did not violate Fourth Amendment).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED