**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4769**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

MICHAEL DOUGHTY WILLIAMS, a/k/a Wookie, a/k/a Wonkie,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:09-cr-00162-BR-1)

———————

Submitted: June 17, 2011         Decided: July 18, 2011

———————

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Sue Genrich Berry, BOWEN AND BERRY, PLLC, Wilmington, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In May 2009, a federal grand jury returned a five-count indictment charging Michael Doughty Williams with conspiracy to possess with intent to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006) ("Count One"); three counts of distributing fifty grams or more of crack, in violation of 21 U.S.C. § 841(a)(1); and one count of distributing five grams or more of crack, in violation of 21 U.S.C. § 841(a)(1). Williams pleaded not guilty and was convicted, following a four-day jury trial, of only Count One.

At sentencing, the district court granted Williams' motion for a downward variance from the Guidelines range of life imprisonment and imposed a 300-month sentence. Williams timely noted this appeal, challenging his conviction and sentence. For the reasons that follow, we reject Williams' appellate arguments and affirm.

Williams first challenges the district court's decision to grant the Government's motion to disqualify his retained attorney, Deborrah L. Newton, arguing this violated his Sixth Amendment right to counsel of his choice. The Government moved to disqualify Newton on the grounds that her prior representation of a possible Government witness, Malcolm Dowdy, who is Williams' father, created a potential for a serious

conflict of interest: if Dowdy were to testify against Williams, Newton would be in the position of cross-examining her former client. According to the Government, Dowdy was willing to cooperate in Williams' prosecution in the hopes of receiving a Fed. R. Crim. P. 35 reduction in his sentence.

Plainly, Williams has a Sixth Amendment right to select his own (retained) counsel. See United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006). However, the right to choose one's counsel does not necessarily include the right to choose counsel that may be operating under a possible conflict of interest. Wheat v. United States, 486 U.S. 153, 159-60 (1988); see also Hoffman v. Leeke, 903 F.2d 280, 285 (4th Cir. 1990) ("[T]he Sixth Amendment right to counsel includes the right to effective assistance free of conflicts of interest[.]" (citing Wood v. Georgia, 450 U.S. 261, 271 (1981))). The presumption in favor of a counsel of one's choosing may be overcome by a showing of an actual conflict of interest or the serious potential for a conflict of interest. United States v. Basham, 561 F.3d 302, 323 (4th Cir. 2009), cert. denied, 130 S. Ct. 3353 (2010).

The district court has a duty to anticipate problems with representation and to promptly act to remedy a potential conflict. Id. When confronted with a potential conflict of interest, the district court is obligated to independently

3

determine whether the continued representation by counsel impedes the integrity of the proceedings and whether the attorney should thus be disqualified. Wheat, 486 U.S. at 161-64. For this purpose, the court "must have sufficiently broad discretion to rule without fear that it is setting itself up for reversal on appeal either on right-to-counsel grounds if it disqualifies the defendant's chosen lawyer, or on ineffective-assistance grounds if it permits conflict-infected representation of the defendant." United States v. Williams, 81 F.3d 1321, 1324 (4th Cir. 1996) (citing Wheat, 486 U.S. at 160).

Williams first contends there was no potential for a serious conflict of interest because Dowdy's ability to earn a Rule 35 reduction in his sentence was tied to his truthful testimony, which would not infringe Newton's ability to vigorously cross-examine Dowdy. However, controlling Fourth Circuit law clearly supports disqualification under these circumstances. See id. at 1324-25 (affirming disqualification of the defendant's attorney because he would be required to cross-examine a former client).

Williams next contends that the Government lacked a good faith basis for the motion for disqualification because it did not know, at the time the motion was filed, whether Dowdy would actually testify against Williams. However, the district court was fully apprised of Williams' contention that the

4

Government's inclusion of Dowdy as a potential witness was not in good faith, but ultimately concluded that this did not trump the potential for a serious conflict of interest should Dowdy be called as a Government witness. This ruling is in accord with Circuit precedent. See id.

Building on this contention, Williams asserts that, because the Government's motion to disqualify Newton was made in bad faith, the continuance period following the disqualification should not have been excluded from the speedy trial calculation. Williams acknowledges that, "[i]f in fact the district court judge was correct in disqualifying Ms. Newton, then the continuance was necessary and reasonable." (Appellant's Br. at 24). For the reasons explained supra, the disqualification was properly granted and thus we conclude that this claim fails.

Williams next argues the jury's verdict was insufficient to trigger the enhanced penalty provision of 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2011), because the jury did not make an explicit finding as to the threshold drug quantity attributable to him. Williams further contends the district court failed to properly instruct the jury of its obligation, pursuant to United States v. Collins, 415 F.3d 304 (4th Cir. 2005), to make a factual finding regarding the statutory threshold quantity of crack attributable to Williams.

5

Williams concedes that this claim is reviewed only for plain error because he did not raise it below. See United States v. Foster, 507 F.3d 233, 249 (4th Cir. 2007). To establish plain error, Williams must demonstrate that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993).

Williams' reliance on Collins is simply misplaced. As this court recognized in Collins, § 841(b) establishes specific threshold quantities of narcotics, which correspond to increasing penalties as the quantity of drugs involved increases. Collins, 415 F.3d at 312. Following Apprendi,[1] it is the jury's responsibility to determine the specific, statutory threshold drug quantity attributable to any particular member of a drug distribution conspiracy. Id. at 313-14. It is then the sentencing court's obligation to find, within the relevant statutory range, the individual drug quantity reasonably foreseeable to the individual member of the conspiracy. See United States v. Brooks, 524 F.3d 549, 560-562 (4th Cir. 2008).

This is precisely what occurred here. Williams was charged, specifically, with conspiracy to possess with intent to distribute fifty grams or more of crack. Because Williams was

_____

[1] Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

6

the sole defendant charged in Count One, there were no co-conspirators for the jury to consider. In charging the jury, the district court identified that drug quantity was an element of Count One. Moreover, the jury's verdict form specifically referenced Count One of the indictment, which included the statutory quantity of fifty grams or more of crack. Accordingly, we discern no error in the jury verdict form or in the court's instructions regarding the threshold drug quantity and conclude that the jury's guilty verdict on Count One included the threshold drug quantity determination necessary to trigger the enhanced penalty provision of § 841(b)(1)(B).

Finally, Williams attacks his sentence, arguing there was insufficient evidence to support the application of the two-level enhancement for possession of a firearm in connection with drug activities. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2009). Pursuant to this guideline, the defendant's offense level is increased by two levels if the defendant possessed a firearm during a drug offense. USSG § 2D1.1(b)(1). The enhancement is proper when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted).

The Government must prove the facts needed to support a sentencing enhancement by a preponderance of the evidence. United States v. Milam, 443 F.3d 382, 386 (4th Cir. 2006). In determining whether a sentencing enhancement applies, the sentencing court may consider hearsay, provided that the information bears "sufficient indicia of reliability to support its accuracy." United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). Whether the district court properly applied the enhancement under USSG § 2D1.1(b)(1) is reviewed for clear error. Manigan, 592 F.3d at 626.

At Williams' sentencing hearing, several police officers testified as to the disputed sentencing issues.[2] Two officers testified that, in the course of their investigations, three cooperating witnesses reported having observed Williams with or near firearms during various drug activities that occurred within the time frame charged in Count One. Williams asserts that this hearsay evidence was insufficient to satisfy the Government's burden of proof. We disagree. It is well-established that "there is no bar to the use of hearsay at sentencing . . . [and a] trial court may properly consider

---

[2] Although Williams also challenged the drug quantity attributed to him and the three-level role enhancement for being a manager or supervisor, he does not raise either of these issues on appeal.

8

uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain." United States v. Alvarado Perez, 609 F.3d 609, 618 n.4 (4th Cir. 2010) (internal quotation marks omitted). Accordingly, we hold the district court properly applied the two-level enhancement.

For these reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED