**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4206**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

MICHAEL PAUL LEVASSEUR,

                    Defendant - Appellant.



Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:09-cr-01132-TLW-1)


Submitted:  September 28, 2011      Decided:  October 11, 2011


Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.


Affirmed by unpublished per curiam opinion.


W. James Hoffmeyer, LAW OFFICE OF W. JAMES HOFFMEYER, Florence,
South Carolina, for Appellant.   Arthur Bradley Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Michael Paul Levasseur pled guilty to conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Levasseur to the statutory mandatory minimum sentence of 120 months' imprisonment. Levasseur timely appealed. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious issues for appeal, but challenging Levasseur's sentence on the grounds that the district court clearly erred in giving him a two-level enhancement for possessing a dangerous weapon, U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2009), and in finding that he did not qualify for a reduction under the safety valve provision in USSG §§ 2D1.1(b)(11), 5C1.2. Although he was advised of his right to file a pro se supplemental brief, Levasseur did not exercise this right. For the reasons that follow, we affirm the criminal judgment.

After a confidential informant made a controlled buy of cocaine from Levasseur at his residence on June 30, 2008, officers executed a search warrant at Levasseur's home and found two sets of digital scales with white powder residue on them, a

sixteen ounce bottle of Inositol,[*] the cash that had been used earlier in the day to make the controlled cocaine buy from Levasseur, an additional $3141 in cash, and, on top of a TV stand, a loaded .38 caliber revolver. A confidential informant had previously told investigators that Levasseur carried a handgun. It was on the basis of the evidence seized from Levasseur's residence and the confidential informant's statement that the district court applied the two-level enhancement for possession of a dangerous weapon during the offense under USSG § 2D1.1(b)(1) and denied Levasseur a safety valve reduction.

Levasseur argues that the district court erred in applying the § 2D1.1(b)(1) enhancement because the sole witness who mentioned seeing him with a gun did not state that Levasseur used the gun in relation to drug transactions. Furthermore, Levasseur argues that the mere presence of the gun in his home did not indicate that it was connected to drug activity.

Pursuant to USSG § 2D1.1(b)(1), a defendant's offense level is increased by two levels if he possessed a firearm during a drug offense. Application Note 3 states that the enhancement is intended to "reflect[] the increased danger of violence when drug traffickers possess weapons," and applies "if

---

[*] Inositol is a white powder frequently mixed into cocaine to increase its weight without altering the drug's appearance.

3

the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.3. The enhancement is proper when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted).

The Government must prove the facts needed to support a sentencing enhancement by a preponderance of the evidence. United States v. Milam, 443 F.3d 382, 386 (4th Cir. 2006). Whether the district court properly applied the enhancement under USSG § 2D1.1(b)(1) is reviewed for clear error. Manigan, 592 F.3d at 626. Under a clear error standard of review, this court will reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted).

Here, investigators found a loaded gun out in the open in Levasseur's home, as well as cash used earlier in the day to make a controlled buy of cocaine from Levasseur, and other indicia of illegal drug activity. See United States v. Carrasco, 257 F.3d 1045, 1048 (9th Cir. 2001) (stating that scales are known tools of drug trade); United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999) (noting that Rolex watch, a

4

wad of currency in the amount of $1055, and a handgun were all indicia of drug dealing). The Government showed by a preponderance of the evidence that a gun was "present," as required by USSG § 2D1.1(b)(1), and Levasseur did not provide evidence sufficient for the district court to have found that it was clearly improbable that the gun was connected to his drug offense. Accordingly, the district court did not clearly err by applying the enhancement.

Levasseur also argues that the district court erred in refusing to apply the safety valve provision in USSG §§ 2D1.1(b)(11), 5C1.2, as he requested. "The safety valve permits shorter sentences for a first-time offender who would otherwise face a mandatory minimum [sentence], provided that he meets five statutory requirements." United States v. Fletcher, 74 F.3d 49, 56 (4th Cir. 1996) (citing 18 U.S.C. § 3553(f) (2006); USSG § 5C1.2). As relevant here, the second criteria is that "the defendant did not . . . possess a firearm . . . in connection with the offense." 18 U.S.C. § 3553(f)(2); USSG § 5C1.2(a)(2). The defendant bears "the burden of proving the existence of the five prerequisites" for the safety valve reduction. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997).

Levasseur stressed that only one witness stated that he was known to carry a gun and that witness did not say that

5

Levasseur carried a gun in connection with his drug dealing. Furthermore, he asserts that neither of the confidential informants who made controlled buys from him mentioned seeing a weapon. Finally, he notes that the only drug evidence investigators found when they searched his residence was a small "user amount" of marijuana and white residue on the digital scales. Thus, Levasseur argues that a preponderance of the evidence established that the firearm found in his residence was not used in connection with his drug offense.

The district court found that the cooperating witness who related that Levasseur carried a gun had experience dealing drugs with Levasseur and that it was implicit from the witness' statement that Levasseur carried the gun as a result of his drug dealing. Moreover, the district court emphasized that the search warrant was executed at Levasseur's residence the same day a confidential informant made a controlled buy from Levasseur at the home, and that, in addition to the loaded gun, investigators found other indicia of drug dealing in the residence, including the cash from the controlled buy. We conclude that the district court did not err by finding, based on this evidence, that Levasseur possessed the firearm in connection with his offense and therefore was not eligible for the safety valve reduction.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Levasseur's conviction and sentence. This court requires that counsel inform Levasseur, in writing, of the right to petition the Supreme Court of the United States for further review. If Levasseur requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Levasseur.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>