**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5132**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

BOBBY LARUE THOMPSON,

                    Defendant – Appellant.

**No. 10-5228**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellant,

          v.

BOBBY LARUE THOMPSON,

                    Defendant – Appellee.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:05-cr-00294-GCM-2)

Submitted:  October 27, 2011          Decided:  November 17, 2011

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Claire J. Rauscher, Executive Director, Ann L. Hester, Steven G. Slawinski, Assistant Federal Public Defenders, Charlotte, North Carolina, for Appellant/Cross-Appellee. Anne M. Tompkins, United States Attorney, Dana O. Washington, Assistant United States Attorney, Charlotte, North Carolina, for Appellee/Cross-Appellant.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Larue Thompson ("Thompson"), his younger brother Tido Maurice Thompson ("Tido"), his father Bobby Larue Thompson, Sr. ("Bull"), and four others were charged in a federal indictment with drug and firearm offenses. Following a jury trial, Thompson was convicted of conspiring to possess with intent to distribute cocaine base (Count One), in violation of 21 U.S.C. § 846 (2006), and possession with intent to distribute cocaine base (Counts Two, Six, and Seven), in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 1999 & Supp. 2011). The district court sentenced Thompson to 151 months' imprisonment. In his appeal, Thompson challenges the sufficiency of the evidence supporting Counts Two, Six, and Seven and the application of a two-level enhancement for possession of a firearm. The Government has filed a cross-appeal in which it argues that the district court erred in concluding that Thompson's prior North Carolina convictions were not felonies exposing him to enhanced statutory penalties. We affirm.

We begin by reviewing the sufficiency of the evidence. We review de novo challenges to the sufficiency of the evidence supporting a jury verdict. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007); see United States v. Green, 599 F.3d 360, 367 (4th Cir.) (stating standard of review for denial of Fed. R. Crim. P. 29 motion), cert. denied, 131 S. Ct. 271

3

(2010). A jury verdict should be affirmed where, "viewing the evidence in the light most favorable to the prosecution, [it] is supported by substantial evidence." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted). Substantial evidence is such "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

To convict Thompson of violating 21 U.S.C. § 841, the Government was required to prove beyond a reasonable doubt that Thompson: (1) knowingly, (2) possessed the controlled substance, (3) with the intent to distribute it. Id. at 873. United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006). "Constructive possession is established if it is shown that the defendant exercised, or had the power to exercise, dominion and control over the item." Id. (internal quotation marks omitted). We have explained that "[a] defendant is guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture." Burgos, 94 F.3d at 873. Moreover, in order "to be convicted of aiding and abetting, participation in every stage of an illegal venture is not required, only participation at some stage accompanied by

4

knowledge of the result and intent to bring about that result." Id. (internal quotation marks and alterations omitted).

Thompson maintains that the Government presented no evidence that he possessed crack cocaine, either actually or constructively, on any of the occasions charged in Counts Two, Six, and Seven. He asserts that, with respect to Counts Two and Seven, there was no evidence as to whom the drugs belonged and thus no evidence he aided and abetted the owner of the drugs. Thompson notes that the police informant indicated that Tido sold the drugs at issue in Count Six and contends that there is no evidence that he was involved in that transaction.

Although mere presence on the premises where drugs are found in insufficient to prove constructive possession, United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992), "a fact finder may properly consider the totality of the circumstances surrounding the defendant's arrest and his alleged possession." United States v. Herder, 594 F.3d 352, 358 (4th Cir.), cert. denied, 131 S. Ct. 3440 (2010). Our review of the trial testimony leads us to conclude that substantial evidence supports the jury's verdict on Counts Two, Six, and Seven.

Next, Thompson argues that the district court clearly erred when it applied a two-level enhancement after concluding he possessed a firearm in connection with the drug offenses. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1)

5

(2007).  Thompson asserts that he was never seen with a gun during the course of the conspiracy and notes that the district court granted his Rule 29 motion as to the firearms offenses charged in the indictment.

In assessing a sentencing court's application of the Guidelines, this court reviews its legal conclusions de novo and its factual findings for clear error.  United States v. Mehta, 594 F.3d 277, 281 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010).  The Government must prove the facts needed to support a sentencing enhancement by a preponderance of the evidence.  United States v. Milam, 443 F.3d 382, 386 (4th Cir. 2006).

When a defendant possesses a dangerous weapon in connection with a drug offense, the Guidelines authorize a two-level increase in the defendant's offense level.  USSG § 2D1.1(b)(1).  The commentary explains that the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  USSG § 2D1.1 cmt. n.3.  "[T]he Government need show only that the weapon was possessed during the relevant illegal drug activity."  United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).  "[P]roof of constructive possession of the dangerous weapon is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden."  United States v. Manigan, 592 F.3d 621, 629 (4th Cir. 2010).

6

Accordingly, the Government may rely on the type of firearm involved and the proximity of the firearm to illegal narcotics. Id.

We have reviewed the record with these standards in mind and conclude that the district court did not clearly err in applying the firearm enhancement. See McAllister, 272 F.3d at 234 (stating standard of review). Although Thompson was not the only occupant of the Eleanor Drive residence where officers seized the firearm, his Guidelines range is calculated based on "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B). Because Thompson does not contest the sufficiency of the evidence as to the conspiracy charged in Count One and a firearm was found in close proximity to narcotics in the residence where police had observed drug activity, the district court properly applied the enhancement.

In a cross-appeal, the Government argues that the district court erred in concluding that Thompson's prior convictions were not felony convictions and could not support an enhanced statutory sentence. This argument now is foreclosed by our recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the

7

facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the

decisional process.

AFFIRMED